# Long *v.* Addix, *et al.*

## *Assumpsit.*

(Decided November 12, 1913. Rehearing denied December 12, 1913.
63 South. 982.)

1. *Contracts; Pleading; Condition Subsequent.*—While a condition which qualifies and defeats plaintiff's claim, as a condition subsequent, may be ignored in plaintiff's pleadings, the general rule is that performance by plaintiff of a condition precedent must be averred in his complaint; however, in lieu of allegations of performance plaintiff may allege facts excusing performance, and an averment that defendant had waived performance will dispense with an allegation of performance. Where plaintiff intends to rely on facts showing waiver of performance by defendant he must plead such facts so as clearly to show such waiver.

2. *Same; Dependent Condition.*—Mutual covenants which go to the whole consideration on both sides are dependent conditions.

3. *Same; Performance; Pleading.*—Where the performance of an act by one party is intended to be concurrent with or dependent upon an act to be performed by the other party, neither can maintain an action against the other without an allegation of performance or of an offer to perform on his part, or of facts constituting a sufficient excuse for failure to perform or offer to perform; where there is neither performance nor a tender thereof, an averment of readiness and wililngness to perform is necessary and sufficient.

4. *Pleading; Construction on Demurrer.*—The allegations of a complaint or plea must be taken most strongly against the pleader, when attacked by demurrer, and no inference can be indulged in order to import correctness.

5. *Sales; Pleading; Readiness to Perform.*—Where the contract provided for a sale and delivery and payment on delivery, the party suing for a breach thereof must show by his pleading that he was able and ready to perform his part of the agreement.

6. *Same; Performance.*—A complaint claiming damages for a breach of an agreement to sell a certain amount of cotton of a certain class to be delivered in October of a certain year, and that defendant failed to ship part of it according to agreement, but not averring that the cotton was paid for in advance, or was to be paid for at a future date, and negativing a cash transaction, was subject to demurrer on the ground that it failed to aver plaintiff's willingness to receive the cotton as well as his willingness and ability to pay for same on delivery.

7. *Same; Construction; Contract; Payment.*—A sale of goods at a certain price imports a sale for cash in the absence of an agreement to the contrary.

[Long v. Addix, et al.]

8. *Sales; Breach; Plea; Replication.*—Where the action was for damages for breach of an agreement to deliver a certain quantity of cotton at a certain time, and defendant set up a modification of the contract giving him to March, 1911, for the shipment of the cotton, and that in February before the cotton was to be shipped, plaintiff's agent acting without his authority told defendant plaintiff could not accept or pay for it and directed defendant not to ship, at which time defendant had the cotton and was able and willing to perform the contract, a replication traversing any modification except as to a charge of time and charging failure to perform the contract as extending was not demurrable.

9. *Same.*—In such a case, replications which fail to traverse the plea as to extension of time, or the allegation that the plaintiff's agent notified defendant in February not to ship, but setting up a subsequent agreement whereby defendant was to have shipped the cotton according to the contract and his failure to do so after demand, and not averring the period within which shipment was to be made were insufficient as against appropriate demurrer.

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by Hines Addix and Wilhelm Corders, as partners against J. Lee Long, as a member of the late firm of J. M. Gregory & Co. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

The first count is on an account.

"(2) Plaintiff claims of defendant the further sum of $960.35, as damages for the breach of contract entered into between plaintiff and J. M. Gregory & Co., a late partnership composed of J. M. Gregory and defendant, on, to wit, the 28th day of September, 1910, in and by which the said J. M. Gregory & Co. agreed to sell plaintiff 200 bales of Alabama cotton, quality good middling, at and for the price of 7.35 pence per American pound gross weight, to be shipped in October, 1910, to Bremen, Bremen-Haven, Germany, and plaintiffs aver that the said partnership, failed to ship 100 bales of said cotton in accordance with the terms of their agreement, and that plaintiffs have been damaged in the sum as above set forth.

"(3) Plaintiff claims of defendant the further sum of $960.35 as damages for the breach of agreement in and by said J. M. Gregory & Co., a late partnership composed of J. M. Gregory and defendant, sold to plaintiff on the terms of the printed rules of the Bremen Cotton Exchange, Bremen arbitration, 200 bales American cotton, quality good middling, good color, at and for the price of 7.35 pence per American pounds gross weight to be shipped per steamer (or steamers direct) and indirect from any place in the United States to Bremen, Bremen-Haven, said shipment to be made in October, 1910; and plaintiffs aver that the said J. M. Gregory & Co. failed to ship 100 bales of said cotton in accordance with said agreement."

Demurrers 8 and 9 to count 3 are as follows:

"(8) Said counts fail to aver that plaintiffs were ready, willing, and able to pay for the 100 bales of cotton on delivery.

"(9) For aught that appears in said count, plaintiffs were unwilling, unable, and unready to pay for said cotton on delivery."

The second special plea sets up a modification of the contract by giving Gregory & Co. additional time to ship the 100 bales of cotton, to wit, March, 1911, and that in February, 1911, one Hans Schubeler, an agent of plaintiff acting within the line and scope of his agency and authority, stated to defendant that plaintiffs would not accept the 100 bales of cotton, and would not pay for same, and directed defendant not to ship the 100 bales of cotton, and that at the time plaintiff's agent made this statement and gave this order, defendant partnership had 100 bales of cotton, and was ready, able, and willing to fulfill that part of the contract.

The other pleas are a modification of plea 2, stated in varying phraseology. The replications are as follows:

"(A) That the only modification or abrogation of the contract sued on was an extension of time for the shipping of the cotton by J. M. Gregory & Co., and that they did not ship same within the said time.

"(B) That the only modification of the contract sued on was an extension of time for the shipment of the cotton by J. M. Gregory & Co., and that after the month of February, 1911, and during the month of March, 1911, J. M. Gregory & Co. agreed to ship the cotton, and failed to do so.

"(C) That after the month of February, 1911, and during the month of March, 1911, plaintiffs demanded of J. M. Gregory & Co. the 100 bales of cotton, which they agreed to ship under the contract sued on, and that after such demand J. M. Gregory & Co. agreed to ship the cotton, but failed to do so."

. LANE & LANE, and C. F. WINKLER, for appellant. The special count 3 was subject to the 8th and 9th ground of demurrer.—*Elliott v. Howison*, 146 Ala. 568; *Brady v. Green*, 159 Ala. 485, and authorities cited. A written executory contract may be modified by subsequent or parol agreement founded on no other consideration than mutual assent of parties.—*Elliott v. Howison, supra; Weldon v. Witt*, 145 Ala. 605; *Pioneer S. & L. Co. v. Nonemacher*, 127 Ala. 521. Replications must answer every material allegation of the plea.—*Owensboro W. Co. v. Hall*, 149 Ala. 210. An estoppel by conduct is where one by his act induces another to alter his condition.—*Scharfenburg v. Town of New Decatur*, 155 Ala. 651; *Eskridge v. Ditmar*, 51 Ala. 251. The contract sued on is clearly an executory contract, a dependent contract which cannot be made the basis of the common count.—*Worthington v. McGarry*, 149 Ala. 257; *Carbon Hill C. Co. v. Cunningham*, 153 Ala. 373.

[Long v. Addix, et al.]

POWELL & HAMILTON, for appellee. It is a fundamental rule that although chattels may be in possession of the seller the sale is complete and the title passes to the purchaser when the parties agree upon the terms of the sale, although the actual possession may not pass. —*Pilgren v. State,* 71 Ala. 368; *Montgomery F. Co. v. Hardaway,* 104 Ala. 113. The third count makes just such a contract, and the court was not in error in its method of treating the same. Counsel discuss the other pleadings and the charges in the light of these authorities, with the insistence that no error intervened.

ANDERSON, J.—"While a condition which qualifies or defeats the plaintiff's claim, being a condition subsequent, may be safely ignored by the plaintiff in his pleading, it may be stated, as a general rule, that performance by the plaintiff of a precedent condition must be averred in a complaint or declaration." "In lieu of allegations of performance the plaintiff may allege facts in excuse of performance. Thus it is sufficient to aver that the defendant disabled himself from performing his covenant to convey certain land by conveying it to a stranger, or that the defendant repudiated his contract, or that the defendant has prevented performance. An averment that the defendant has waived performance on the part of the plaintiff is also sufficient to dispense with an allegation of performance. The waiver must, however, clearly appear. If plaintiff intends to rely on facts which show a waiver of performance on the part of the defendant, he must plead such facts. He cannot plead performance and recover under proof of a waiver of performance."—4 Am. & Eng. Ency. Pl. & Pr. 627-629.

"When mutual covenants go to the whole consideration of both sides, they are dependent conditions, and

performance must be averred in an action by either party for a breach, or, instead, an offer of performance may be alleged, and at least a readiness to perform must be shown by the party seeking to enforce performance." And this rule obtains as to concurrent acts. That is, where the performance of an act by one party is intended to be concurrent with an act to be performed by the other, neither party can maintain an action against the other without an allegation of performance or of an offer to perform on his part, or an averment of facts, which constitute, according to the rule heretofore laid down, a sufficient excuse for failing to perform or to offer to perform.

"If there was in fact neither performance nor a tender of performancce, it has been held that an averment of readiness and willingness to perform is necessary and sufficient."—4 Am. & Eng. Ency. Pl. & Pr. 639; *Jones v. Somerville*, 1 Port. 437; *Broughton v. Mitchell*, 64 Ala. 210.

"It is a well-settled rule of law that when a contract is dependent—that is, when one agrees to sell and deliver, and the other to pay on delivery, in order to entitle either party to sue for a breach—he must show that he was able and ready to perform his part of the agreement."—*Davis v. Adams*, 18 Ala. 266; *Brady v. Green*, 159 Ala. 482, 48 South. 807; *Elliott v. Howison*, 146 Ala. 568, 40 South. 1018.

In passing upon a demurrer to a complaint or plea, the allegations must be taken more strongly against the pleader, and no inferences must be indulged, in order to import correctness into same.

The third count of the complaint in the case at bar was subject to defendant's eighth and ninth grounds of demurrer. The complaint does not aver that the cotton was paid for in advance, or was to be paid for at

a future day, and from aught that appears, the contract involved mutual or concurrent acts, and was a cash transaction, and the plaintiff should have averred a willingness to receive the cotton, as well as a willingness and ability to pay for same when delivered.

In the absence of an averment to the contrary, the complaint imports that the sale was for cash.—*Brady v. Green, supra; Robbins v. Harrison,* 31 Ala. 160; *Loval v. Wolf,* 60 South. 298; *Veitch v. Atkins,* 5 Ala. App. 444, 59 South. 746. The complaint does charge that the sale was to be governed by the "Bremen Cotton Exchange," but the rules are not set up, nor does it appear from any part of said count 3 that the cotton had already been paid for, or that it was not to be paid for in cash on delivery.

Replication A sets up a denial of any modification of the contract, except as to an extension of time, and also denies that the same was abrogated, as charged in the defendants' pleas, and charges that the defendants did not comply with the contract as extended, in that they failed to ship the cotton within said extended time. In other words, it confesses that the time was extended, but denies that the contract was abrogated by the plaintiff, as charged in said pleas, and then charges a breach by the defendants of the contract as modified. This replication may be no more than a general one, but there was no error in refusing the motion to strike, or in overruling the demurrer to same.

Replications B and C do not traverse the pleas as to the extension of time, and do not traverse the allegation that the plaintiff's agent notified the defendants, in February, 1911, not to ship the cotton, but set up an agreement subsequent to February; that is, in March, 1911, plaintiff demanded the cotton, and defendants agreed to ship it under the terms of the contract, and failed to do

so. These replications do not set up the time within which the defendants failed to ship the cotton, or that the time as fixed by the last agreement had expired. In other words, they do not traverse the special pleas, but attempt to avoid same by showing a subsequent agreement to ship, which was made in March, 1911, but do not set up or show a breach, as they do not fix any period at which the cotton was to be shipped. It may be questionable as to whether or not the grounds of demurrer, as interposed, sufficiently point out the defects to replications B and C, and it is therefore unnecessary to determine whether or not the trial court committed reversible error in this respect, as the case must be reversed upon other grounds. It is sufficient to say, for the purposes of another trial, that said replications are not good as against an appropriate demurrer.

The judgment of the circuit court is reversed and cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.