# Sloss-Sheffield Steel & Iron Co. *v.* Payne.

## *Assumpsit.*

(Decided April 22, 1915.   68 South. 359.)

1. *Contracts; Breach; Action; Complaint.*—Where an action is ex contractu, the complaint must allege all those material parts of the contract so as to enable the court to form a just idea of what the contract was, or which are necessary to provide the jury with a standard on which to base damages with certainty.

2. *Same.*—Where the action was for breach of an agreement to allow plaintiff to remove from defendant's property and sell certain brown stone at a stated royalty, the complaint was demurrable, where it did not charge that the refusal occurred within the time fixed by the contract, or if no time was fixed, then within a reasonable time.

3. *Same.*—In such an action, the complaint was demurrable because of the failure to aver the readiness, willingness and ability of the plaintiff to perform at the time of the breach by defendant.

4. *Actions; Causes; Misjoinder; Contract and Tort.*—Where the action was ex contractu, and the complaint claimed a sum due from the defendant as the value of tram cars, etc., belonging to the plaintiff, which had been placed upon defendant's property in carrying out a certain contract, and which property defendant wrongfully appropriated to its own use without the consent of the plaintiff, and kept and retained the benefit thereof without paying plaintiff for the same, which sum is now due and unpaid to plaintiff, the complaint was subject to demurrer as attempting to join a claim in assumpsit and for conversion in one count, notwithstanding such joinder could have been had in one complaint if the two causes of action had been alleged in separate counts.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Assumpsit by J. D. Payne against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals of Alabama, under section 6 of the act of 1911, p. 450.

The following are the counts of the complaint referred: "(2) For $1,999, damages for the breach of an agreement entered into by the defendant on, to wit,

\* \* \* by which it promised to allow plaintiff to remove from the property of defendant and sell for his own use and benefit about 4,000 yards of brown stone, at a royalty, to be paid by plaintiff to defendant, of $1 per car. Plaintiff avers that notwithstanding said agreement defendant has failed and refused to allow plaintiff to remove and sell for his own benefit and use said stone at $1 per car.

"(3) Breach of agreement, in substance, as follows: Defendant agreed that plaintiff should remove from property of defendant certain stone and sell the same for his own use and benefit, in consideration of plaintiff paying therefor a royalty of $1 on each car of stone used by plaintiff. Plaintiff avers that notwithstanding he has been ready, able, and willing to pay $1 per car for each car of said stone, defendant failed to do its part of said contract, in that it refused and failed to comply with the following provisions thereof: It failed to allow plaintiff to remove and sell said stone at the rate of $1 per car, and refused to allow plaintiff to sell and use said stone at any price less than 15 cents per yard."

"(7) Same sum due from it by account as the value of six tram cars, two wagons, three tipples, grading of 400 yards of tram track, and ties for said tram track belonging to plaintiff, and placed upon defendant's property in and about carrying out a certain contract, which said property defendant wrongfully appropriated to its own use without the consent of plaintiff, and kept and retained the benefit of same without paying plaintiff for the same, which sum is now due and unpaid."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant.

STALLINGS, NESMITH & DRENNEN, for appellee.

ANDERSON, C. J.—(1, 2) In an action for the breach of a contract, the complaint should set out or describe all those parts of the contract which are material for the purpose of enabling the court to form a just idea of what the contract actually was, or which are necessary for the purpose of providing the jury with a criterion in the assessment of damages, with certainty.—1 Chitty (16th Ed.) 277; *Manier & Co. v. Appling*, 112 Ala. 666, 20 South. 978; *Sloss Co. v. Payne*, 186 Ala. 341, 64 South. 617; *Elmore, Quillian & Co.. v. Parish Bros.*, 170 Ala. 499, 54 South. 203. It may be that good pleading would require that count 2 should define the kind of car for which the plaintiff was to pay, in order to fix the price, but we may assume that it meant an ordinary railroad car, yet that count is defective for other reasons. It does not appear when the stone was to be removed, nor that the alleged failure and refusal to permit such removal occurred at or after that time. Non constat the time for its removal may have expired before the defendant's refusal. On the other hand, if no time for removal was fixed, the law would fix a reasonable time, but in either event the plaintiff should charge that the refusal occurred at a time when he had a right to remove the stone; that is, within the time fixed by the contract, or within a reasonable time if no time was fixed.

(3) This count is also defective for failing to aver that the plaintiff, at the time of the alleged breach, was ready, willing, and able to perform his part of the contract.—*Long v. Addix*, 184 Ala. 236, 63 South. 982; *Barney v. Davis*, 2 Ala. App. 595, 55 South. 1023.

The trial court erred in not sustaining defendant's demurrer to this count.

While the third count avers a readiness, willingness;. and ability to perform by the plaintiff, it possesses the same infirmity pointed out in the first condemnation, of count 2. Moreover, it does not set up the quantity of stone plaintiff was to get by car or otherwise.

(4) Count 7 purports to seek a recovery in assump-- sit, but bases a part of the account upon the value of certain chattels converted by the defendant. It may be that the plaintiff could waive the tort and recover in assumpsit for the value of the articles converted,. but the count seeks to recover as for a certain amount of grading done for the defendant, and also for the value of the chattels converted, and seeks to recover in the same count as upon two separate and distinct causes of action.

"A count which unites several distinct causes of ac- tion is bad, notwithstanding they might be joined in one complaint in separate and distinctive counts."— *Southern Railway Co. v. McIntyre,* 152 Ala. 223, 44 South. 624, and cases there cited.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.