141 So. 565

## HAMILTON v. O'REAR.
### 6 Div. 878.

Supreme Court of Alabama.

March 31, 1932.

Rehearing Denied May 19, 1932.

626

R. A. Cooner and J. B. Powell, both of Jasper, for appellant.

Davis & Curtis, of Jasper, for appellee.

**GARDNER, J.**

Plaintiff's case is based upon the theory that he sold and delivered to defendant his merchandise stock at the cost price thereof, for which defendant refused to pay, though he accepted and made use of the same. Defendant insists that he made no such purchase, but had merely told one De Mooney that he would advance the money to him for the purchase of the goods if given proper security, and, as De Mooney was unable to give the security, defendant had no further interest in the matter.

The case was by plaintiff presented in several common counts, and special count 9, and it is insisted the demurrer to count 9 was improperly overruled under the authorities of S.-S. S. & I. Co. v. Payne, 192 Ala. 69, 68 So. 359; Barney Coal Co. v. Davis, 1 Ala. App. 595, 55 So. 1023.

We think the cited cases are distinguishable, as in the instant case the complaint shows a sale of the goods and a completed delivery to the purchaser, and his accep-

tance thereof. Nothing being agreed as to time of payment, presumably the sale was for cash. Miller Bros. v. Direct Lbr. Co., 207 Ala. 338, 92 So. 473; 55 Corpus Juris 513, 514. Of course the fixation of the price is an essential element, but it need not be definitely fixed at the time the contract is entered into if the agreement contains express or implied provisions by which it may be made certain. 55 Corpus Juris 68, 227; S. C. Cotton Growers' Co-op. Ass'n v. Weil, 220 Ala. 568, 126 So. 637. Here there was such agreement, it was to be at the "cost price," which we think as here applied means the cost to the seller at wholesale; the original cost price. 55 Corpus Juris 227. "When employed in a contract of sale of a retail stock of goods and merchandise, the term 'invoice price' ordinarily means the wholesale cost or price at the time the goods were purchased by the seller." 55 Corpus Juris 228. The complaint disclosing a valid sale of the goods to defendant, their delivery and acceptance by him, the purchase price agreed upon, and the amount thereon which defendant refused to pay, sufficiently states the cause of action for a breach, and we conclude there was no error in overruling the demurrer thereto.

But this aside, we think the verdict may be referred to the common counts. According to plaintiff's proof, the goods were delivered and accepted, and nothing remained to be done except the payment of the purchase price. The parties were not, as argued by defendant, to yet agree upon the price. They had agreed upon that element of the contract as to the cost price of the goods; a matter of ascertainment and calculation. Certainly defendant could not, by disputing with plaintiff the cost price, relieve himself of all liability to pay for goods he had accepted and used. So, in any event, plaintiff would have been entitled to recover the reasonable value of the goods so delivered, and his evidence as to such value sustained, without conflict, the verdict rendered. Carrico & Son v. J. E. Duval Printing Co., 219 Ala. 65, 121 So. 59; Kellar v. Jones & Weeden, 196 Ala. 417, 72 So. 89; Barnes v. Marshall, 193 Ala. 94, 69 So. 436; Catts v. Phillips, 217 Ala. 488, 117 So. 34.

Plaintiff's evidence tended to show that defendant, upon agreeing to purchase, also agreed to send his son Lee and De Mooney to take the invoice, which they did the following day in company with plaintiff. In making inventory of the stock, there was an original which the son Lee carried back with him, which he says has been misplaced, and a copy kept by plaintiff. At the time some of the bills or invoices were present and available and the cost price placed opposite the goods, but others were not, and plaintiff afterwards (some six weeks) added the cost price obtained from invoices at his house and others from a local wholesale house, but the greater

part from invoices. The goods in the store were of staple character, and the cost price as fixed on the inventory is not questioned. In the absence of his bills or invoices, we see no objection to plaintiff obtaining the actual wholesale price, as certainly it was not intended the loss of a few bills or invoices would preclude a recovery under the terms of the contract; and, in the absence of any attack upon the same, no reason appears why the amounts so designated should not be accepted as correct. Defendant did not question the amount or the inventory, but when plaintiff with his father, who made the trade for him, went to collect from defendant he refused payment of any sum, and denied all liability, or rather stated, in effect, he would pay nothing until De Mooney secured him. Plaintiff's father testified that a few weeks after the inventory was taken defendant told him to tell plaintiff to come up and get his money.

At the time of the trade, defendant had said he was going to buy the stock and "get Tom De Mooney to run it for him." De Mooney did run the business for awhile, and did deliver some of the proceeds to defendant, but the latter insists it was De Mooney's business, and he had no connection with the trade. The whole case thus turned upon that disputed issue of fact.

We are of the opinion the cause was properly submitted to the jury both upon the common counts as well as count 9, and that charges to the contrary were properly refused. Refused charge 12 was calculated to mislead, particularly in view of the fact there was no dispute as to cost price, as above indicated.

Defendant operated a business under a corporate name of S. Hamilton & Co., but plaintiff's proof was to the effect the trade was made with defendant only, and no mention made of the corporation, and that defendant was to place De Mooney in charge to run the business.

In view of this proof, refused charge 14 was also calculated to mislead the jury. Moreover, the substance of this charge was embraced in given charge 15, as well as the oral charge of the court.

As to refused charges 16 and 17, defendant got the benefit of all he was entitled to therein under given charge 18 and the court's oral charge.

Lee Hamilton, under plaintiff's theory, was present as agent and representative of his father in taking the inventory, and, it may also be inferred, in accepting delivery of the goods. Upon completion of the inventory at the store, plaintiff was permitted to show that he turned over to Lee Hamilton the keys to the store. This, in connection with the evidence tending to show that De Mooney operated the store for defendant thereafter, was competent proof. Nor was there error in permitting plaintiff to testify that he sold the stock of goods to defendant, as this was but a statement of a collective fact, and not subject to the objection that it was a mere conclusion of the witness. S. & N. A. R. Co. v. McLendon, 63 Ala. 266; Birmingham Rwy. Co. v. Campbell, 203 Ala. 296, 82 So. 546.

What has previously been said suffices to show our conclusion that the inventory was properly permitted in evidence, and objections to any part thereof were properly overruled.

On the inventory there were listed an ice box, scales, and oil tank which it is insisted were not a part of the stock of goods. But plaintiff's proof tended to show they were delivered, accepted, and used by defendant, and so considered in the sale; and, if so accepted, defendant would be liable for the reasonable value thereof, and the original cost was proper to be considered in determining that fact.

So likewise, in consideration of the common counts, plaintiff was properly permitted to show the reasonable market value of all the goods delivered and accepted by defendant.

Nor did the court err in allowing plaintiff to state he had never heard of any such understanding had by defendant with De Mooney, as defendant insisted was the case. What was said and done by Lee Hamilton and De Mooney, as defendant's agent, in taking the inventory would be proper under the circumstances here shown. Moreover, the question, the basis of assignment 37, was answered in the negative, and we do not see that in any event defendant was prejudiced thereby.

We have considered the assignments of error argued in brief by appellant, and find no error to reverse.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.