147 So. 677

### FINKLEA v. GARRICK.

### I Div. 995.

Court of Appeals of Alabama.
June 30, 1932.

Rehearing Denied Nov. 1, 1932.

Reversed on Mandate Jan. 31, 1933.

Rehearing Denied March 21, 1933.

Quincy W. Tucker and Woodford Mabry, both of Grove Hill, for appellant.

Adams & Gillmore, of Grove Hill, for appellee.

BRICKEN, P. J.

O. B. Finklea, appellant, here, brought his suit in the court below, against D. S. Garrick, appellee, to recover of him, said Garrick, the sum of $4,500 alleged to be due by virtue of a certain contract entered into between said parties concerning the purchase and sale of certain cattle.

Under the plaintiff's version of the facts, he purchased from the defendant 200 head of cattle at $8 per head, to be delivered by defendant to plaintiff, at defendant's place on November 1, 1927; that $500 of the purchase money was paid in cash on that day, and the remainder was to be paid on the delivery of the cattle; that the time for delivery was extended by mutual agreement from November 1, 1927, to March 24, 1928; and that plaintiff was to come and receive the delivery of the cattle on being notified so to do by the defendant.

The defendant's version of the contract is that the plaintiff agreed to purchase defendant's cattle, which defendant thought would run around 200 head, but which were too badly scattered to be sold at that time; that plaintiff paid him $500 with the understanding and agreement that if plaintiff failed to get the cattle, then defendant was to pay the plaintiff his money back; that the plaintiff was to come on November 1, 1927, and get the cattle, and if he got more than $500 worth of cattle, the plaintiff was to pay him the difference. That is to say, the defendant received from plaintiff $500 on August 10, 1927, to be paid for cattle at $8 per head, to be delivered November 1, 1927, when plaintiff was to come and accept delivery. Any deficit in the number of cattle at $8 per head was to be made good by defendant to plaintiff in money.

The contract sued upon, whether it be according to the version of Finklea, the plaintiff, or as testified to by Garrick, the defendant, constituted a valid and binding agreement between the parties casting upon each of them certain duties and obligations. According to the plaintiff's version of the contract, he (Finklea) was under the duty to demand performance thereof by Garrick, the defendant, on the day the same was to be performed, and at the place where delivery of the cattle was to be made, and to then and there be able, ready, and willing to receive the 200 head of cattle and pay to Garrick the $1,100, balance of purchase money. Garrick was under the duty of having 200 head of cattle at his place on November 1, 1927, ready for delivery to Finklea, on the payment by Finklea to him of the sum of $1,100, balance purchase money.

Under Garrick's version of the contract it was the duty of Finklea, the plaintiff, to come to Garrick's place and receive $500 worth of cattle, at $8 per head, on November 1, 1927, and it was Garrick's duty on that day to have at his place $500 worth of cattle ready for delivery to Finklea, or then and there to pay him his money back, or such portion thereof as the cattle ready for delivery, at $8 per head, failed to pay.

Was the defendant on the whole evidence entitled to the affirmative charge if the contract was in substance as testified to by Finklea, the plaintiff? It must be conceded that Finklea, the vendee, could not have remained wholly inactive and still claim a breach of the contract by Garrick's, the vendor's, failure to perform. It was enough, however, for Finklea to demand performance

at the proper time and place, being then, himself, able, ready, and willing to perform on his own part. Barney Coal Co. v. Davis, 1 Ala. App. 595, 56 So. 1023; Long v. Addix, 184 Ala. 236, 63 So. 982, 983; Baker v. Lehman, Weil & Co., 186 Ala. 493, 65 So. 321; Sloss-Sheffield Steel & Iron Co. v. Payne, 192 Ala. 69, 68 So. 359.

■ The complaint avers that: "Although, he (meaning plaintiff) has complied with all of the provisions of said agreement on his part, and was ready, willing and able to pay the purchase price in cash to the defendant, as agreed upon, as aforesaid, upon delivery of said cattle to him, and made repeated demands on the defendant for the delivery of said cattle to him, the plaintiff, the defendant has failed to comply with his part of said agreement by making delivery of said cattle to plaintiff." The pleading recognizes the rule of duty upon the plaintiff above declared. Does the proof anywhere show that on November 1, 1927, the plaintiff was ready, willing, and able to pay to the defendant the balance of purchase money for said cattle? Does the proof show, or tend to show, the means and facilities of plaintiff for paying said balance of purchase money? Very slight evidence was necessary to show such readiness and ability. A tender of the balance was not necessary, but it most assuredly was necessary for the plaintiff to make proof of some fact or facts tending to show his ability to pay the balance of purchase money. Plaintiff testified: "I never did make any demand on Mr. Garrick and offer to pay him the balance of purchase price on 200 head of cattle I purchased from him but I asked him to deliver the cattle. That he had asked Mr. Garrick to deliver 177 head of cattle to him which was the number due to be delivered to him under the contract of purchase of 200 head of cattle." According to Finklea's own statement, Garrick had delivered to him 25 head of cattle, which had been received under the contract. Garrick was under no duty then to deliver more than 175 head of cattle, and the plaintiff had no right under the contract to request the delivery of 177 head. Garrick claims to have delivered 31 head, making the remainder to be delivered 169 head. There is not one word of testimony from Finklea, himself, or from any other witness, in so far as the record in this case discloses, that Finklea was ready, willing, and able to pay the balance of purchase money. There is not a line of testimony as to his credit standing, as to his business standing, or as to his various transactions showing that at the time he made demand on Garrick for the performance of the contract on Garrick's part, that the plaintiff was then ready, willing, and able to pay the defendant the balance of purchase money, and for this reason the defendant was entitled to a directed verdict in his behalf as requested in the general

charge given for the defendant. Offutt v. Wells, 42 Ala. 199; Moss v. King, 186 Ala. 482, 65 So. 180, 183; Coley v. English et al., 209 Ala. 688, 96 So. 909.

In accordance with the above views, we are of the opinion, and we accordingly hold, that the trial court did not err in refusing to give written charges 1, 2, 3, 4, and 5, requested by the plaintiff.

■ Under our construction of the law as applicable to the facts of this case, the trial court did not err in giving written charges numbered 1, 2, and 3, at the request of the defendant.

■ If there was any error committed by the trial court in sustaining an objection to a question propounded to the plaintiff calling for the exact conversation that occurred between him and the defendant at the time plaintiff purchased 200 head of cattle, it was error without injury because the witness had already testified in detail as to this conversation, and afterwards testified in detail thereto, as shown by the record (pages 26 and 27).

■ The trial court did not err in sustaining an objection to the question propounded to the plaintiff eliciting testimony as to whether or not the plaintiff had sold the cattle that he had claimed to have purchased from the defendant.

■ The trial court did not err in admitting in evidence a check for $100, with the indorsement thereon, the same being limited by the court as evidence of the terms of a particular trade or agreement.

■ We do not find any ruling of the trial court at the bottom of page 32 of the transcript, and therefore hold that the fourteenth assignment of error does not present any question for our review.

We have given attentive care and consideration to this record and find that the rulings of the trial court are in harmony with the views hereinabove expressed, and with the cases cited, and therefore hold that there is no error in the record of which the appellant can justly complain, and the judgment of the lower court is accordingly affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Finklea v. Garrick, 226 Ala. 159, 147 So. 680.

On Rehearing.

BRICKEN, P. J.

■ By express terms of the statute, section 7318, Code 1923, "the decisions of the supreme court shall govern the holdings and

decisions of the court of appeals," etc. By virtue of the foregoing statute this court entered an order, on remandment from the Supreme Court, reversing and remanding the judgment of the lower court, which had been here originally "affirmed." This application for rehearing is presented and filed by appellee and the correctness and validity of said last order is involved. It would serve no good purpose for us to again express our views on the single point of decision involved in this case. The decision of the Supreme Court, as stated, controls. This court, under the facts, held no sufficient or legal demand by plaintiff for delivery was shown to have been made. The Supreme Court, 147 So. 680,[1] placed a different construction upon the facts and held that "the plaintiff had asked the defendant to deliver the cattle. This was the equivalent of a demand for the delivery." We, therefore, perforce, must overrule appellee's application for rehearing and this is so ordered. However, in fairness to appellee we think it but proper to state there was nothing to show the time, place, circumstances, or conditions when plaintiff "asked the defendant to deliver the cattle." Upon authority of O. B. Finklea v. Garrick, 226 Ala. 159, 147 So. 680, this application for rehearing is overruled.

