159 So. 371

## STANDARD OIL CO. v. LLOYD.

### 2 Div. 537.

Court of Appeals of Alabama.

Feb. 5, 1935.

John S. Coleman and A. J. Bowron, Jr., both of Birmingham, P. E. Jones, of Camden, and Bradley, Baldwin, All & White, of Birmingham, for appellant.

James Perdue, of Birmingham, and Bonner & Bonner, of Camden, for appellee.

SAMFORD, Justice.

The complaint was in one count as follows: "The plaintiff claims of the defendant $2,187.-00 as damages, for that said defendant on, towit: August 24, 1932, employed plaintiff as a general salesman, for a period of twelve months from said date, at a monthly salary of $202.50 per month, and on September 30, 1932 said defendant discharged plaintiff from its said employment without just cause, to plaintiff's damage as aforesaid."

This complaint was demurred to on several grounds, none of which are considered except No. 9 in the following language: "For aught that appears, the plaintiff was not in position to carry out his part of the said alleged contract."

The contract between the parties was mutual, imposing obligations on both. On the part of defendant to employ and to pay for services rendered and on the part of plaintiff to have the readiness and ability to render the service contracted for. On the failure on the part of defendant to comply with its obligations under the contract there was open to the plaintiff two remedies: (1) To await the end of the term of employment contracted for and bring suit for the amount then due, after allowing all just offsets; or (2) he may treat the contract as terminated and sue for damages for the breach. In a suit for a breach of the contract of employment and damages for the breach, it is not necessary to aver in the complaint a readiness and willingness on the part of plaintiff to perform the services throughout the term he bound himself to serve. Marx v. Miller, 134 Ala. 347, 32 So. 765. However, there must be an averment of plaintiff's willingness and ability to perform at the time of the alleged breach. Marx v. Miller, supra; Sloss-Sheffield S. & I. Co. v. Payne, 192 Ala. 69, 68 So. 359. The foregoing is pointedly and definitely decided in the last-cited case and that holding has been approved in the following cases: Roobin v. Grindle, 219 Ala. 417, 122 So. 408; Moss v. Gulf States Steel Corp., 224 Ala. 430, 140 So. 402; Hamilton v. O'Rear, 224 Ala. 625, 141 So. 565; Finklea v. Garrick, 25 Ala. App. 385, 147 So. 677.

The plea in this case was, in short by consent, with leave to give in evidence any matter of defense as if the same had been specially pleaded. This general plea included a plea of accord and satisfaction and around this plea centers the principal contention of the parties.

It is contended on the part of plaintiff that on the 24th day of August, 1932, this defendant, acting through its manager for this state, entered into a contract with him for a term of one year from that date at a stipulated salary of $202.50 per month. The duties of

plaintiff under the contract were that of general salesman and inspector of local stations on a designated territory. There was evidence tending to prove this contract. It is without dispute that plaintiff was discharged by defendant on September 30, 1932, without notice or warning. He was simply called to the office of the manager in Birmingham and discharged. There was also evidence tending to prove that plaintiff had been discharged without cause.

There is evidence tending to prove that while plaintiff recognized the discharge and left the service of defendant, he did not consider the matter closed, but contended that he should be paid something by the company, how much was not definitely claimed, but defendant recognized at least a moral obligation by offering to pay plaintiff an amount equal to one-half salary for a period of three months. "Not as salary, but as a special allowance." Plaintiff never agreed to accept the "special allowance" as final settlement of his claim, but he did accept the various amounts aggregating $303.75 and still retains same. On October 19, 1932, defendant's manager at Birmingham wrote plaintiff a letter in which was the following:

"As of September 30, 1932, you were released and your name taken from our pay roll. It was agreed, however, that for period of 3 months, October, November, December 1932, you would be made a special allowance, not salary, equal to 50% of your salary.

"This is the only settlement our company are willing to make."

From the contract it appears that: "It was agreed," appearing in the letter did not include plaintiff, but was confined to those in authority in defendant's company. The foregoing does not constitute accord and satisfaction. Indeed the defendant was very definite and positive in its position that the payment of the amount "equal to one half salary for three months" did not relate to or recognize any liability under the contract alleged here to have been breached, nor was such payment made under any agreement that it should extinguish any claim under the contract of employment.

Whether a debt has been paid depends upon the meeting of the minds of the parties, and, if a smaller amount is paid than the amount claimed to be due, the payer must so intend at the time of payment and the creditor must receive such payment with like intent. Karter v. Fields, 140 Ala. 352–362, 37 So. 204. For the payments in this case to constitute accord and satisfaction, it is essential that the payments should have been made and accepted in satisfaction and extinguishment of a demand growing out of the contract of employment. 1 Corpus Juris 529 (D).

The suit in this case is for damages for a breach of a contract of employment. It was the duty of plaintiff to seek other employment of a similar nature and to thus mitigate the damages incident to the breach and amounts received in such employment are proper items in reducing the recovery in plaintiff's suit. Also such amounts of money received by plaintiff from defendant after the breach, which he would not have received if he had continued in the employ of defendant. The damages to which one party to a contract is entitled because of a breach thereof by the other are such as arise naturally from the breach itself, or such as may be reasonably supposed to have been within the contemplation of the parties at the time of making the contract as a probable result of a breach thereof. A recovery in such case is to be mitigated by amounts which might have been prevented by reasonable efforts on the part of the party injured. 17 Corpus Juris 767 (96). And also, by amounts paid by the original wrongdoer made in respect to the same subject-matter. New York Bank Note Co. v. Kidder Press Mfg. Co., 192 Mass. 391, 78 N. E. 463. In the instant case this would entitle defendant to a reduction of damages by the salary received by plaintiff from the state during the term (Wilkinson v. Black, 80 Ala. 329); and by the amount paid by defendant by way of a "Special Allowance," and for which there was no consideration save a desire on the part of defendant to relieve plaintiff's financial condition brought about by defendant's act. While defendant did not recognize any obligation by reason of the contract sued on, the payment of $300.75 was made in respect to the same subject-matter. The court erred in excluding this item and in its various rulings on this point. 17 Corpus Juris 928.

The court did not err in excluding evidence as to any money earned by plaintiff during the term of the contract. The amounts to be applied in mitigation of damages do not include money earned in employment not of equal grade and of a more menial or onerous kind. Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8.

The foregoing will suffice as direction to the circuit court on another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.