72 So.2d 132

**AMERICAN SECURITY LIFE INS. CO.**

v.

**. MOORE.**

**3 Div. 958.**

Court of Appeals of Alabama.

April 14, 1954.

M. L. Gwaltney, Birmingham, for appellant.

Godbold & Hobbs, Montgomery, for appellee.

PRICE, Judge.

The plaintiff sued to recover unpaid salaries, damages for the breach of, and a ten per cent Christmas Bonus, under the terms of two written contracts of employment entered into on March 1, 1951, and October 1, 1951, between the appellant as the employer and the appellee as employee.

The claims for unpaid salaries and alleged breaches of the contracts were settled in the lower court.

Appellant asserts in brief:

"The case was decided in the lower court without a jury, upon a written stipulation executed by counsel for both parties wherein it was agreed that the only question to be determined was whether or not the appellee was entitled to recover the 10% Christmas Bonus under the terms of the two written agreements entered into by the parties on March 1, 1951, and October 1, 1951. The lower court entered its judgment in favor of the appellee for the sum of $101.00 and costs."

The stipulation was as follows:

"1. That the plaintiff is over the age of twenty-one years, and is a resident of Montgomery County, Alabama; that the defendant is a corporation, engaged in the life insurance business, with its principal place of business in Dallas, Texas, and qualified to do business in the State of Alabama, subject to the rules and regulations of the Department of Insurance of the State of Alabama.

"2. That the plaintiff was employed by the defendant as a branch manager for one of its offices in the State of Alabama, effective March 1, 1951, under two written agreements, copies of which are attached to the plaintiff's complaint as Exhibits 'A' and 'B'.

"3. It is further stipulated between the parties that the claims for unpaid salaries and application 'bonuses' as stated in Counts I, II, and III of plaintiff's complaint have been settled since the filing of this suit and the defendant has paid the plaintiff in full settlement of these claims the sum of one hundred eleven and 61/100 ($111.61) Dollars.

"4. That the plaintiff earned and was paid as salary and application 'bonus' under the provisions of the written agreements during the period of his employment by the defendant the sum of One Thousand Ten Dollars and Six Cents ($1010.06).

"5. That on November 29, 1951, the defendant notified the plaintiff and three other Alabama employees of its intention to cease doing business in the State of Alabama and informed plaintiff and its three other Alabama employees that their services would be terminated as of November 30, 1951.

"6. That on or about November 30, 1951, the defendant ceased doing business

in the State of Alabama and terminated the employment of plaintiff and three other employees. Because of its action in terminating the employment of the plaintiff and three other employees the defendant refused to pay the plaintiff and three other employees the Ten Per cent (10%) bonus set out in Exhibits 'A' and 'B' attached to the complaint. Defendant admits that the plaintiff and three other employees would have been due the bonus had they been employed by the defendant on December 15th. By the action of the defendant in terminating the employment of the plaintiff under the provisions of Exhibits 'A' and 'B', the defendant has refused to pay the plaintiff the Ten Per cent (10%) bonus provided for.

"7. That the plaintiff and the other employees of the defendant were given no warning or intimation of the company's intention to terminate their employment prior to November 29, or 30th, 1951.

"8. That the decision to terminate plaintiff's employment resulted from no dissatisfaction with the plaintiff's performance of his contract, and that plaintiff did and continued to perform faithfully all duties imposed upon him by the contract, Exhibits 'A' and 'B', until his employment was terminated as aforesaid.

"9. That shortly after the company terminated the employment of its employees in Alabama by closing its Alabama offices, the company reopened its Alabama offices on or about January 1, 1952. The company continued to pay rent for office space in its various offices in Alabama during the period the offices were closed. The company had written leases through January 1, 1952, for office space.

"10. That the Ten Per cent (10%) 'bonus' clause in the contract of employees was a substantial inducement to the employees to become employees of the company, and that such clause was used to so induce employees to come into the company's employ and to remain in the company's employ, and to reward them for doing a good job, and that the Ten Per cent (10%) 'bonus' clause did induce the plaintiff to come into the defendant's employ and to so remain in expectation of receiving the Ten Per cent (10%) 'bonus' held out to him by the defendants.

"11. That the issue to be determined on the stated set of facts is whether or not the plaintiff is entitled to a 'bonus' of Ten Per cent (10%) of his salary and application 'bonus' from March 1, 1951, through November 30, 1951, as provided in paragraph 1 of Exhibit 'A' and 'B' attached to plaintiff's complaint."

The provisions of the agreements of employment of March 1st and October 1st are identical except as to the amount of salary and bonus for acceptable applications. The parts of said agreements here pertinent, are:

"You will receive still another bonus of at least ten per cent (10%) of your earnings represented by salary and app bonus payable on December fifteenth (15) of each year provided you are then employed by the company in a managerial capacity."

\*   \*   \*   \*   \*   \*

"It is further understood that the company shall have the sole decision regarding any questions as to territory which may arise from time to time, and that this employment arrangement may be cancelled by either you or the company at any time.

"If this is not in exact accord with your understanding, please promptly advise. If it is in accord with your understanding, please keep the original and sign the enclosed copies of this agreement, returning the copies to me at the Executive Offices in Dallas."

In support of his assignment of error that "The trial court erred in rendering and entering the judgment of the court in favor of the plaintiff and against the defendant," the appellant contends the employee was not entitled to recover a Christmas bonus because under the plain provisions of the contracts he was not eligible for the bonus unless he was in appellant's employ on December fifteenth, and

appellant had exercised its right to terminate his employment at the end of November.

 The question of the right to a bonus by an employee whose employment is terminated before the bonus becomes payable is said to depend upon such matters as whether there is a contract for a definite period of employment, whether the termination of the employment is by the employer for sufficient cause, or is wrongful, or is the result of a voluntary abandonment of the service by the employee. The question also depends largely upon the provisions of the contract of employment. It has been held that in the absence of special provisions in the contract, "assuming there is a valid and enforceable promise through the offer of a bonus and an acceptance by the employee's continuing in the service, if the employment is terminated by mutual consent of the parties or by the act of the employer through no fault of the employee, the latter should be entitled to a proportionate share of the bonus, according to the time served, even though there was no time fixed for the duration of the employment, and it could, therefore, be terminated at will." Annotation 28 A.L.R. 346; Roberts v. Mays Mills, 184 N.C. 406, 114 S.E. 530; Haag v. Rogers, 9 Ga.App. 650, 72 S.E. 46; Kollman v. McGregor, 240 Iowa, 1331, 39 N.W.2d 302; Coleman v. Graybar Electric Co., 5 cir., 195 F.2d 374. See also Zwolanek v. Baker Mfg., 150 Wis. 517, 137 N.W. 769, 44 L.R. A., N.S., 1214.

In several of the cases cited by appellant in support of its contention, the contract contained special forfeiture provisions. These cases are cited and distinguished in Coleman v. Graybar Electric Co., supra. No such provisions appear in the contract before us.

Applying the rule announced in the decisions, supra, we conclude the plaintiff was entitled to recover the proportionate part of the bonus. The judgment of the trial court is affirmed.

Affirmed.