175 So.2d 748

### WOODWARD IRON COMPANY

v.

### W. L. RAMEY.

7 Div. 758.

Court of Appeals of Alabama.

March 23, 1965.

Rehearing Denied April 13, 1965.

Lusk, Swann & Burns, Gadsden, for appellant.

Roy D. McCord and L. D. Martin, Gadsden, for appellee.

CATES, Judge.

This is an appeal from a judgment for the plaintiff who claimed vacation pay under a collective bargaining agreement.

The question for decision rests on whether an employer who agrees to pay an annual vacation wage as of July 1 in each year owes any such amount to an employee whose services are terminated November 23 because of a permanent closing of the plant.

Under Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, and other cases (e.g., United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424) we are not in an area of state law of contracts. But no demand was made for arbitration.

The contract provided that "the Company will afford [eligible employees] a vacation with pay in the amounts specified hereinafter." The "vacation year" was from July 1 through June 30.

We consider paragraph (G) of Article 18 of the Agreement supports Ramey's right to prorated vacation pay for the period from July 1 to November 23:

"The employee's right to a vacation shall accrue as of July 1 of any year upon his meeting the eligibility requirements specified above. If, after such date, he should leave the employ of the Company for *any* reason, and if fully qualified for his vacation payment,

he shall be paid his vacation pay as of the time of his leaving the Company's employ;" (Italics supplied.)

See Livestock Feeds, Inc. v. Local Union No. 1634, 221 Miss. 492, 73 So.2d 128, and American Security Life Ins. Co. v. Moore, 37 Ala.App. 552, 72 So.2d 132.

The judgment below is due to be

Affirmed.

PRICE, P. J., not sitting.