BRADLEY, Presiding Judge.
This is an employee termination case.
In October 1983 the plaintiff, Michael P. French, was offered and accepted employment with GTE Business Communication Systems, Inc. (GTE) in Huntsville, Alabama. At the time of the acceptance, Mr. French was living in Indianapolis, Indiana. Thus, his acceptance of GTE’s employment offer required the sale of his home in Indiana and the purchase of a home in Alabama.
Included in GTE’s employment offer was a mortgage interest rate differential (MIRD) payment plan designed to alleviate some of the costs associated with Mr. French’s relocation and acquiring a new mortgage. The letter by which the employment offer was communicated explained the MIRD plan as follows:
“The Mortgage Interest Rate Differential Policy includes the following:
“The Company will provide a mortgage interest rate differential between 9%, or the rate on your present home, whichever is higher, and the rate on the home at the new location. The period during which this protection will be provided is three years, with the fourth year being paid at the rate of 75% of the third year, and the fifth year being paid at the rate of 50% of the third year.
“The maximum for the mortgage interest rate differential will be based on the purchase price of the new home less the full equity realized from the sale of your home at the former location.”
In October 1984, following his acquiring a new home and mortgage in Huntsville, Mr. French signed a mortgage assistance application. The application set forth a schedule of the mortgage interest rate differential payments, which totaled $6,906.25.
In September 1985 Mr. French was terminated by GTE for business reasons. Mr. French subsequently filed a complaint in the Madison County District Court alleging a breach of contract with regard to the MIRD payment plan. Mr. French alleged that the portion of his employment offer *545 concerning MIRD payments and the MIRD schedule itself constituted a separate and distinct contract of definite duration which entitled him to the outstanding balance of the MIRD payments regardless of his employment termination. He further maintained that he had refinanced his home following termination and should be awarded the costs incurred as a result.
The district court heard Mr. French’s testimony and dismissed the case, finding Mr. French had no claim. Mr. French then appealed to the circuit court, where .defendant GTE’s motion for summary judgment was granted.
Mr. French appeals asserting: (1) the circuit court improperly considered the transcript of the district court trial; (2) the circuit court erred in granting GTE’s motion for summary judgment and denying his motion; and (3) the circuit court erred when it failed to require GTE to issue a new check to replace two stale checks issued by GTE after the institution of this lawsuit, but never negotiated by Mr. French.
At the outset, we note that this appeal comes to us following the circuit court’s granting of summary judgment to GTE. A summary judgment is proper if the movant is entitled to judgment as a matter of law and there is no genuine issue of material fact. Fountain v. Phillips, 404 So.2d 614 (Ala.1981).
In ruling on a summary judgment motion, the trial court may consider “any material that would be admissible at trial and all evidence of record as well as material submitted in support of or in opposition to the motion.” Fountain, supra.
Mr. French argues that the transcript of the district court proceedings was inadmissible evidence in support of the summary judgment motion. In McClendon v. City of Boaz, 395 So.2d 21 (Ala. 1981), our supreme court determined that “it was improper for the trial judge to refer to untranscribed testimony from the trial of the severed issues in considering the defendant City’s motion for summary judgment.” (emphasis added) The court, in reaching its conclusion, pointed out: “The thrust of Rule 56 requires that the materials before the trial court for consideration on a motion for summary judgment be written documents.” McClendon, supra (emphasis added).
Because Mr. French’s testimony was transcribed and the court relied on a written document, we find that the district court record satisfied the main aim of Rule 56. However, Mr. French argues that the record submitted in support of the motion is inadmissible for its failure to comply with Rule 80, Alabama Rules of Civil Procedure. Pursuant to Rule 80, stenographi-cally reported testimony, admissible under our rules of evidence, can be introduced at a later trial when certified by the court reporter who took the testimony.
In the case sub judice, the testimony taken before the district court was certified by a court reporter; but, the reporter was not court-appointed. Instead, he was retained by GTE. Mr. French argues that in Middleton v. Hartford Accident & Indemnity Co., 119 F.2d 721 (5th Cir.1941), Rule 80, Federal Rules of Civil Procedure, was interpreted to exclude from evidence at a later trial testimony recorded by either a private stenographer or an official stenographer not acting pursuant to court appointment. We note that the court did so hold; but, the court’s decision interpreted subdivisions (a) and (b) of the rule. Middleton, supra. Both these subdivisions have been abrogated from the Federal Rules and neither (a) nor (b) appears in current A.R.Civ.P. Rule 80.
Instead, Rule 80, A.R.Civ.P., provides, in its entirety:
“Whenever the testimony of a witness at a trial or hearing which was steno-graphically reported is admissible in evidence at a later trial, it may be proved by the transcript thereof duly certified by the person who reported the testimony.”
In other words, Mr. French’s testimony, if it contained admissible evidence, could be introduced at a later trial upon certification .by the stenographer.
As we noted earlier, Alabama law requires that materials offered in support of a motion for summary judgment be admissible at trial. Fountain, supra. Thus, we *546 must determine the admissibility of Mr. French’s testimony. As in the case of an affiant, Mr. French could testify at trial as to the facts of the case based on his personal knowledge, and those facts would be admissible into evidence. See, Arrington v. Working Woman’s Home, 368 So.2d 851 (Ala.1979). Consequently, the rules of evidence do not operate to exclude his testimony.
Mr. French also asserts that it was error to consider the district court transcript because doing so violated his right to trial de novo. We disagree. When a case is tried de novo, it is tried “as if no trial had ever been had, and just as if it had originated in the circuit court.” Louisville & Nashville Railroad v. Lancaster, 121 Ala. 471, 25 So. 733 (1898); Ezell v. Childs, 497 So.2d 496 (Ala.Civ.App.1986). In other words, the lower court’s judgment cannot be viewed as evidence or as establishing estoppel. Louisville, supra. Nor would the record of the proceedings in the district court be admissible in evidence in the circuit court to prove the merits of the case on appeal. See, Slaughter v. Martin, 9 Ala.App. 285, 63 So. 689 (1913).
In the case at bar the transcript of the evidence recorded in the district court was offered in support of the motion for summary judgment. The purpose was to produce facts in writing to support the summary judgment motion, just as a movant does when he offers affidavits in support of his motion. Clearly then, the transcript of testimony was not offered as proof of GTE’s defense on the trial of the merits of the appeal. The case had not reached this stage in the appeal. Consequently, we do not find any error on the part of the trial court in considering French’s testimony contained in the record of the district court proceedings offered in support of GTE’s summary judgment motion.
We now turn to Mr. French’s contention that the summary judgment was improperly granted to GTE. In Alabama, an employment contract which is indefinite and fails to specify duration is classified as terminable at will. Wilson v. Vulcan Rivet & Bolt Corp., 439 So.2d 65 (Ala.1983). Mr. French’s contract did not provide any durational terms. Thus, the trial court could properly conclude his employment with GTE was terminable at will.
In view of the nature of his employment contract, we must examine whether Mr. French was properly denied the balance of the MIRD payments. Although we failed to find any Alabama cases dealing with MIRD payments pursuant to an employment contract terminable at will, we have found an Alabama case concerning the payment of a promised bonus to a terminated employee at will.
In American Security Life Insurance Co. v. Moore, 37 Ala.App. 552, 72 So.2d 132 (1954), the court of appeals found that an employee deemed terminable at will was entitled to receive a pro rata share of his bonus based on the actual time he worked. Likewise, in the case at bar, we believe that the MIRD payments were no more than a benefit of Mr. French’s employment. Although Mr. French claimed that the MIRD payments were a separate contract of definite duration, we are unable to find any evidence which would have authorized the trial court to conclude that the MIRD payments were anything more than a benefit of Mr. French’s employment with GTE. Consequently, when Mr. French’s employment was terminated, his MIRD payments were also terminated.
Finally, Mr. French contends that GTE is obligated to replace two stale checks. Although in his complaint and his affidavit filed in support of his motion for summary judgment Mr. French stated he had not negotiated two checks from GTE, he failed to request any relief regarding the checks or indicate how GTE was obligated to replace the checks. We will not review issues raised for the first time on appeal. Bebco Distributors v. Farmers & Merchants Bank, 485 So.2d 330 (Ala.1986). Therefore, we will not consider this argument.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.