RUSSELL, Judge.
This is a breach of contract case.
At the outset, we note that this is the second time this case has been before us. Due to the improper consideration by the trial court of an unofficial transcript from the district court trial, the case was remanded to the circuit court for further proceedings. See Ex parte French, 547 So.2d 547 (Ala.1989). On remand, the circuit court granted the motion of GTE Communication Systems Corporation (GTE) for summary judgment for the second time and dismissed Michael P. French’s claims. French again appeals to this court, contending (1) that GTE’s promise to pay a mortgage interest rate differential (MIRD) over a fixed number of years was separate from the employment contract and was not terminable-at-will; (2) that employment contract settlement payments may not be used to offset MIRD contract damages; and (3) that the balance of the MIRD contract should have been paid as damages. We affirm.
The dispositive issue is whether the trial court erred in granting summary judgment in favor of GTE.
We note that summary judgment is proper if the trial court determines that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R. Civ.P.; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). In reviewing a summary judgment, this court must apply the same standard as utilized by the trial court to determine whether a genuine issue of material fact exists. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). If the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the non-moving party to show substantial evidence or, in this case due to the date of the original filing, a scintilla of evidence in support of his position. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). See Ala.Code 1975, § 12-21-12.
A detailed recitation of the facts was set forth in the original appeal, French v. GTE Communication Systems Corp., 547 So.2d 543 (Ala.Civ.App.1988); therefore, we include only a brief recitation of the facts here. French moved to Huntsville from Indianapolis, Indiana, to accept employment with GTE. Included in the employment offer was a MIRD payment plan. Approximately one year after commencement of payments under the MIRD payment plan, French was terminated by GTE for business reasons. After termination, French was paid two weeks’ separation pay in the amount of $2,161.54. This amount was later increased by approximately ten weeks of separation pay, for a total of $12,969.23. The MIRD payments were stopped at the end of the separation payments.
In his order granting GTE’s motion for summary judgment, the trial judge stated as follows:
“(1) Neither the unofficial transcript of the prior district court proceedings, nor the affidavit of Charles S. Barrington [court reporter from the district court trial], submitted in support of defendant’s present motion, have been considered in deciding this motion for summary judgment.
“(2) In order for defendant’s renewed motion for summary judgment to be granted, it must first be shown that there is no genuine issue as to any material fact. A review of the documents submitted by GTE as the basis for its motion — “exclusive of Barrington’s transcript or affidavit — indicates that each material fact in this ease is admitted by plaintiff. Consequently, genuine issues of material fact do not exist.”
We agree. As the trial court found in its order, the documents submitted by GTE, including interrogatories answered by French, indicate the following material facts: (1) that there was no offer of employment for a definite term; (2) that the only statement concerning the duration of the MIRD payments was in a letter of October 28, 1983, from L.J. Moore of GTE to French; (3) that GTE’s separation pay *1242 policy allotted one week’s pay for each full year of service, with a minimum separation pay of two weeks, but that French received twelve weeks of separation pay in the amount of $12,969.23; and (4) that after his termination, French refinanced his Huntsville home at 10% interest, a rate which was lower than the interest rate on his home in Indianapolis.
Clearly, the circuit court was correct in finding that no issue exists as to any material fact. Therefore, for summary judgment to be proper, we must now determine whether GTE is entitled to judgment as a matter of law. McMullin, 512 So.2d 1382.
The trial court’s order held that GTE was entitled to judgment as a matter of law based on three grounds: (1) that French was an employee-at-will and could be terminated without subjecting GTE to liability; (2)that any damages had been offset by the additional separation pay; and (3) that French fully mitigated his damages by refinancing his home at a rate below that at which his Indianapolis home had been financed.
While French does not dispute the finding that his employment was terminable-at-will, he contends that the MIRD contract was a bonus contract, separate from the employment contract, and was not terminable-at-will.
This court has held that, where there is a valid and enforceable promise through the offer of a bonus and an acceptance by the employee’s continuance in employment, if employment is terminated through no fault of the employee, the employee should be entitled to a proportionate share of the bonus for the time employed, even though there was no contract which set the duration of the employment and the employment could, therefore, be terminated at will. American Security Life Insurance Co. v. Moore, 37 Ala.App. 552, 72 So.2d 132 (1954). If the MIRD payments were, in fact, a bonus, as French contends, we could find that the receipt of payments past termination of employment and through the period of separation pay meets the standard of a proportional share set forth in American and was proper. Id.
The October 28, 1983, letter containing the MIRD offer set out the payment schedule as follows:
“The Mortgage Interest Rate Differential Policy includes the following:
“The Company will provide a mortgage interest rate differential between 9%, or the rate on your present home, whichever is higher, and the rate on the home at the new location. The period during which this protection will be provided is three years, with the fourth year being paid at the rate of 75% of the third year, and the fifth year being paid at the rate of 50% of the third year.
“The maximum for the mortgage interest rate differential will be based on the purchase price of the new home less the full equity realized from the sale of your home at the former location.”
GTE’s human resources policy, dated August 1, 1981, specifically states that the MIRD payments end at termination of employment.
Since the letter containing the MIRD offer did not guarantee payments past employment, since the human resources policy indicates that there could have been no such intention on the part of GTE, and since there was an indefinite term of employment, we find that the letter merely fixed the rate of payment and did not guarantee payment past termination. See Peacock v. Virginia-Carolina Chemical Co., 221 Ala. 680, 130 So. 411 (1930). Therefore, we find that the trial court was correct in holding that the MIRD payments were terminable.
French next disputes the trial court’s remaining grounds, which hold that GTE is entitled to judgment as a matter of law because any damages otherwise recoverable had been offset by the extra separation pay and because French had mitigated his damages by refinancing his home.
However, in a case for breach of contract of employment, special allowance amounts paid by the defendant, for which there was no consideration except relief of plaintiff’s financial condition, were allowed as a reduction of damages. Standard Oil *1243 Co. v. Lloyd, 26 Ala.App. 306, 159 So. 371 (1935). Therefore, we find that the extra ten weeks of separation pay amounting to $10,807.69 more than offset the damages claimed by French.
Additionally, the record reveals that French mitigated damages by refinancing his home at an interest rate below that of his home in Indianapolis. However, he continues to claim damages for the amount mitigated by the refinancing. The letter containing the MIRD offer proposed to pay only the difference between the rate on the Indianapolis home and the new home. Therefore, we find that, once there was no interest rate differential, no payment was required.
In view of the above, we find that summary judgment in favor of GTE was proper and that this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.