Plaintiff, Bebco Distributors, Inc., appealed from a judgment rendered in favor of Farmers and Merchants Bank by the circuit court of Baldwin County, Alabama, after hearing evidence presented ore tenus. We affirm.
Bebco's complaint was in three counts. In count one, it sought to recover $43,626.03 on an open account from Charles T. Larrimore and Associates, Inc. (Associates). In count two, it sought to recover the same sum on a contract of guarantee from Charles T. Larrimore, individually. Bebco's summary judgment against Larrimore and Associates for the amount claimed in counts one and two was granted. This was made final pursuant to Rule 54 (b), Ala.R.Civ.P., on March 8, 1985. No appeal was taken from that judgment, and it is not an issue in this appeal.
In count three, Bebco sought to recover $38,500 from Farmers and Merchants Bank on a letter of credit issued by the bank in favor of Bebco guaranteeing the payment of checks drawn against Associates for material used in the construction of Lei Lani *Page 331 
Towers in Gulf Shores. Bebco alleged that Associates refused to issue a check in payment of its account and Bebco sought an adjudication that if Bebco obtained a judgment against Associates on count one (open account), the substance of the condition precedent to the bank's obligation to honor its letter of credit would have been met.
The "Letter of Credit" was on the bank's letterhead stationery and was worded as follows:
"February 15, 1984
"Bebco Distributors, Inc.
 501 S. 12th Street Birmingham, Alabama, 35233
"Re: Letter of Credit — Lei Lani Towers
"Dear Sir:
 "Farmers and Merchants Bank will honor checks against Charles T. Larrimore Associates, Eureka, Inc., for Lei Lani Towers totaling an amount of $38,500.00.
 "If you have any questions please feel free to contact me.
"Sincerely,
 "/s/ E.A. Polston E.A. Polston
Vice-President" [1]
It is without dispute that Bebco never presented to the Bank any checks drawn on the account of Charles T. Larrimore and Associates or Eureka, Inc.
In American National Bank and Trust Co. v. Banco Nacional deNicaragua, 231 Ala. 614, 620, 166 So. 8, 13 (1936), this Court wrote:
 "It seems to be well settled that a party, who is entitled to draw against a letter of credit, must strictly observe the terms and conditions under which the credit is to become available, and, if he does not, and the bank refuses to honor his draft, he has no cause of action against the bank. . . ."
After the American National Bank case was decided, this State adopted the Uniform Commercial Code, including its provisions regarding letters of credit. See Code 1975, § 7-5-101, et seq.
The general rule governing the acceptance of letters of credit under the Uniform Commercial Code has been set out as follows:
 "The controlling rule is that the letter of credit must be strictly construed and performed precisely in accordance with its terms."
Harfield, Uniform Commercial Code Practice Handbook, Letters ofCredit 6 (2d ed. 1980).
Therefore, under the Uniform Commercial Code provisions governing letters of credit, the same principle is applied that was applied by this Court in American National Bank.
The only case decided by this Court involving letters of credit since the adoption of the uniform act is Bank of theSoutheast v. Jackson, 413 So.2d 1091 (Ala. 1982), in which this Court adopted as the law of this State the principle enunicated in American National Bank and Harfield's Handbook.
The instrument in this case provided that the bank "will honor checks against" Associates. No such checks have been presented to the bank for the bank to honor. Bebco has not observed the terms and conditions under which the credit was to become available. Therefore, it has no cause of action against the bank.
The federal cases cited by Bebco in its brief are of no precedential value in determining the issue presented here. They rely on the minority view of substantial compliance and not the general rule of law of strict adherence, which is the law of Alabama.
Bebco raises for the first time on appeal the alleged ambiguity of the letter of credit. *Page 332 
If this theory had been raised below, it would have been the duty of the trial court to ascertain whether the document was ambiguous in light of its terms. If the trial court found it too ambiguous, parol evidence would have been admissible to ascertain the true intent of the parties. Phillips v. Fogg,402 So.2d 1027, 1028 (Ala.Civ.App. 1981). Obviously, parol evidence cannot be taken by a reviewing appellate court. This Court will not review the trial court on issues not presented to that court. Haskew v. Bradford, 370 So.2d 259 (Ala. 1979).
After a thorough review of the briefs and the record, we are of the opinion that the judgment of the trial court was a correct application of the law to the facts involved in this case, and that that judgment should be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, BEATTY and ADAMS, JJ., concur.
[1] Another "Letter of Credit" identical to the one set out, except for its date and amount, was introduced, and there was an attempt to amend the claim against the bank to seek damages of $40,758.25 instead of $38,500. The testimony was that Bebco shipped goods with a value of $40,758.25 to Associates for Lei Lani Towers.