560 A.2d 582

# WASHINGTON FEDERAL SAVINGS & LOAN ASSOCIATION

v.

# PRINCE GEORGE'S COUNTY, Maryland, et al.

No. 1762, Sept. Term, 1988.

Court of Special Appeals of Maryland.

July 6, 1989.

Certiorari Denied Nov. 27, 1989.

Richard C. Daniels (William C. Davis, III and Daniels & Daniels, on the brief), College Park, for appellant.

Robert M. Carrico, Jr., Associate County Attys. (Michael P. Whalen, County Atty., Michael O. Connaughton, Deputy County Atty. and J. Michael Dougherty, Jr., Associate County Atty., on the brief), Upper Marlboro, for appellee, Prince George's County.

Peter I.J. Davis (Shaffer & Davis, Chartered, on the brief), Rockville, for appellee, Brigham & Day Paving Co., Inc.

Argued before MOYLAN, ROSALYN B. BELL and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

It is now well settled that, in Maryland, the demand of a beneficiary under a letter of credit must strictly comply with the terms and conditions of the letter of credit. *Mercantile–Safe Dep. v. Baltimore County*, 309 Md. 668, 670,

526 A.2d 591 (1987). The reasons for, and limitations on, the rule were clearly stated by the Court of Appeals:

We think the strict compliance test best promotes the purposes of letters of credit. However laudable the equitable considerations underlying the substantial compliance standard may be, "[t]he basic tenets of letters-of-credit law derive from the necessities of the marketplace and not from the aspirations of the cloister." Harfield, "Code, Customs and Conscience in Letter-of-Credit Law," 4 U.C.C.L.J. 7, 11 (1971). While we recognize a potential for abuse in a super or hypertechnical application of the strict compliance test, the cases which apply this rule are not so rigid as to permit an insurer to dishonor if it finds, for example, an obvious and immaterial typographical error. Courts will not permit a bank in such circumstances to use such a discrepancy to protect itself from an insolvent customer or to protect its customer from payments. *See* Leon, "Letters of Credit: A Primer", 45 Md.L.Rev. 432, 453 (1986).

309 Md. at 679–80, 526 A.2d 591. In *Mercantile–Safe Dep.*, the demand under the letter of credit contained a number of discrepancies, including:

1. The grading permit number in the certification letter read 18868, whereas the number designated in the letter of credit was CGR 18868.

2. The certification letter stated "I have been informed" that Z & C has not complied with the grading permit, whereas the letter of credit required the Director to certify directly, through personal knowledge, not through hearsay, of the lack of compliance.

3. The certification letter did not identify Z & C, Inc. as the permitee.

4. The certification letter did not name the property, Discovery Acres, for which the permit had been issued.

309 Md. at 671, 526 A.2d 591. On the basis of these discrepancies, the Court held "that Baltimore County's presentment did not strictly comply with Mercantile's letter of credit, nor is the variance in question a mere technical

inaccuracy." 309 Md. at 682, 526 A.2d 591. Indeed, the court indicated that Baltimore County failed even to meet the substantial compliance test. *Id.*

The only issue presented on this appeal from the judgment of the Circuit Court for Prince George's County is whether Prince George's County, one of the appellees herein, complied strictly, as the court found, or only substantially, as Washington Federal Savings and Loan Association, appellant, contends, with the terms and conditions of the letters of credit issued by appellant. We will hold that the County strictly complied and, so, affirm. In so doing, we make the point that, if the demand is otherwise sufficient, supplying more than is required will not have the effect of rendering an otherwise sufficient presentment, insufficient.

Brigham & Day, the other appellee, has filed a cross-appeal, in which it asks:

Did the trial court abuse its discretion in denying Brigham & Day's Motion for Pre-judgment interest on clearly liquidated sums which were due?

We also find this issue to lack merit.

The facts are not in dispute and may, therefore, be briefly summarized.[1] Appellant issued irrevocable letters of credit Nos. 118 and 137 on behalf of Intercontinental Construction Corporation ("ICC") and in favor of Prince George's County. The letters of credit, issued in connection with two projects, Cipriano Springs Subdivision, Permit No. 83.014 and New Orchards Estates Subdivision, Permit No. 83.126, served to assure Prince George's County that payments would be made for all labor and/or materials provided under the permits. Brigham & Day, one of ICC's subcontractors supplied labor and/or materials for both of the

---

1. The action before the court was one for declaratory judgment. Appellant sought a declaration that Prince George's County's demand did not comply strictly with the letters of credit. Because the facts were not in dispute, the matter was presented for decision on cross-motions for summary judgment. The trial court granted Prince George's County's motion and denied appellant's.

projects and pursuant to both permits. It subsequently filed claims with the County against both letters of credit.

Before proceeding against the letters of credit, Brigham & Day obtained a confessed judgment note from ICC and two of its principals. The note reserved Brigham & Day's right to proceed against the letters of credit. When ICC defaulted under the Confessed Judgment note, Brigham & Day obtained a Consent Judgment against ICC. It informed the County of this fact and also that it had not been paid for labor and materials it had supplied.[2]

The letters of credit permitted Prince George's County to obtain payments from appellant up to the amount of the letters of credit upon presentment of "... the County's sight draft, accompanied by: (1) the County's signed statement that [the applicable permit] is still outstanding and persons providing labor and materials to complete the work required by the permit have not been paid."[3]

The County made demand on the letters of credit on Brigham & Day's behalf. On two occasions, it sent sight drafts, as required by the letters, along with a request that payment be made according to their terms. On the first occasion, the letter dated February 13, 1986, accompanying the sight drafts, advised appellant:

> Your attention is directed to Irrevocable Letters of Credit Number 118 and 137, issued by your Company in behalf

---

**2.** In addition to the reservation of Brigham & Day's rights to proceed against the letters of credit, the confessed judgment note contained terms which the letters of credit did not, *e.g.,* it covered a project not covered by the letters of credit.

**3.** This language is taken from Letter of Credit No. 137, reproduced in the extract. As set out in the extract, Letter of Credit No. 118 contains different language; instead of the phrase, "and persons providing labor and materials to complete the work required by the permit have not been paid," it states, "and the work remains uncompleted." The parties have not raised the difference in phraseology as an issue; neither will we. We do point out, however, as will be made clear by the March 25th letter, that the Letter of Credit No. 118 reproduced in the extract is the one issued as a Performance Bond, rather than the one issued as a Labor and Materialman's Bond.

of Intercontinental Construction Corporation. These letters of credit are in the amounts of $172,312 and $189,717 and were submitted to Prince George's County as security to insure payment for all labor and/or materials provided under the above-referenced permits.[4]

I have received from the Prince George's County Attorney's Office a copy of a Consent Judgment entered against Intercontinental Construction Corporation and Paul and Penelope Golkin for work performed under these permits.

Pursuant to these Consent Judgments, enclosed you will find two sight drafts, made payable to "Prince George's County, Maryland, to the use of Brigham & Day Paving Company, Inc." These sight drafts are in the amounts of $33,598.50 and $67,616.60, respectfully [sic]. As set forth in the original terms of these letters of credit, payment by the bank on any sight draft shall be made within thirty (30) days of the issuance and presentment of the sight draft.

Copies of the consent judgments were enclosed.

Prior to the expiration of the letters of credit and before appellant had made payment pursuant to the sight drafts, the County amended its demand. It did so in a letter dated March 25, 1986 and sent by certified mail, to appellant. That letter provided:

Re: Ciprano Springs Subdivision Permit Number 83.014; Letter of Credit Number 118

New Orchard Estates Subdivision Permit Number 83.126; Letter of Credit Number 137

Dear Mr. Williams:

I have received a letter from your attorney, Richard C. Daniels, regarding the sight drafts forwarded to you by letter dated February 13, 1986. Please be advised that under Irrevocable Letter of Credit No. 118, your Bank

---

**4.** The reference read:
"Re: Cipriano Springs Subdivision; Permit No. 83.014
New Orchard Estates Subdivision; Permit No. 83.126."

issued two letters of credit for permit No. 83.014, both numbered 118. One is in the amount of $172,312 for performance bond and the other is $172,312 for labor and materialman's bond. Therefore, Mr. Daniels' statement that we submit "a written estimate of the Division of Permits, Department of Public Works and Transportation as to the entire amount of the value of the work remaining to be completed, certified by a public engineer" would not apply to the sight drafts since we are only demanding payment under the Labor and Materialman's Bond and not the Performance Bond.

Under permit Number 83.014, please accept this as your formal notice that "the permit is still outstanding and persons providing labor and materials to complete the work required by the permit have not been paid". Enclosed is a sight draft in the amount of $33,598.50, made payable to Prince George's County, Maryland to the use of Brigham & Day Paving Company, Inc.

Insofar as New Orchards Estate Subdivision, Permit Number 83.126, please be advised that the "permit is still outstanding and persons providing labor and materials to complete the work required by the permit have not been paid." Enclosed is a sight draft in the amount of $67,-616.60 to be made payable to Prince George's County, Maryland, to the use of Brigham & Day Paving Company, Inc.

Enclosed for your convenience is a copy of the Consent Judgment.

Appellant paid the two sight drafts on April 2, 1986; however, it noted on the drafts "Paid in Protest". It then initiated this declaratory judgment action to determine the issue raised by this appeal.

1

Appellant very strenuously urges that Prince George's County did not strictly comply with the terms of the letters of credit. It relies primarily upon the County's February 13th letter and upon the terms of the confessed judgment

note, upon the basis of which Brigham & Day obtained a confessed judgment against its insured. It finds most significant the fact that the letter states that the two sight drafts are "[p]ursuant to these Consent Judgments" and that the confessed judgment note contains terms not contained in the letters of credit. At oral argument, appellant made clear that it did not perceive the March 25th letter as curing the defect of the February 13th letter, inasmuch as it, too, referred to the consent judgment and, indeed, enclosed a copy of it. As to it, consequently, appellant argues that the County continued to interject an extraneous matter into the process. Hence, it concludes, by providing too much in the March 25th letter the County did not strictly comply with the letters of credit.

■ Assuming that appellant's position with respect to the February 13th letter is correct,[5] we nevertheless hold that appellant's position as to the March 25th letter is untenable. That letter identified the projects and permit numbers as to which a letter of credit was issued and, further, accurately identified which letter of credit applied to which project. Moreover, as to each project and permit, the letter stated, as the letters of credit required, that "the permit is still outstanding and persons providing labor and materials to complete the work required by the permit have not been paid." With this predicate, the letter enclosed sight drafts in the appropriate amounts.

■ Appellant does not maintain, as it indeed could not, that the foregoing did not comply with the letters of credit. Rather, it suggests that it is the last paragraph, in which the County "[e]nclosed [for appellant's] convenience ... a copy of the Consent Judgment", which caused the compli-

---

5. There is authority for the proposition that appellant espouses, *i.e.,* that a judgment on a note does not strictly comply with the provisions of a letter of credit notwithstanding that the note, like the letter of credit, was given to ensure payment for labor and materials. *See Bebco Distrib. v. Farmers and Merchants Bank,* 485 So.2d 330 (Ala. 1986).

ance to be less than strict compliance. We do not agree. At most, it may be said that the County supplied too much. It may not be said that the letter did not otherwise conform, strictly, to the terms of the letters of credit. We do not perceive strict compliance to mean that no extraneous information may be contained in the notice; on the contrary, we believe it to mean that only where there are omissions which render ambiguous or debatable the applicability of the letters of credit will strict compliance not be found. Where all of the conditions of the letters of credit are present, plus an additional element which is not necessary, strict compliance will not be defeated.

■ Appellant also does not contend, as, again, it could not, that the February 13th letter precluded the County's reliance on the March 25th letter. It is significant that there is no contention that the letters of credit expired prior to March 25, 1986 or that they provided that a presentment, once made, could not be cured. The March 25th letter is an attempt to cure defects alleged by appellant, and, perhaps, perceived by the County, in its prior presentment. So long as the letters of credit had not expired, this was perfectly permissible. *See Mercantile–Safe Dep.*, 309 Md. at 671, 526 A.2d 591.

■ Brigham & Day's cross-appeal challenges the trial judge's refusal to award it prejudgment interest. Although it recognizes that ordinarily the award of prejudgment interest is a matter left to the sound discretion of the trier of fact, *see Atlantic States v. Drummond & Co.*, 251 Md. 77, 85, 246 A.2d 251 (1968); *Mullan Co. v. International Corp.*, 220 Md. 248, 261–62, 151 A.2d 906 (1959); *Dialist Co. v. Pulford*, 42 Md.App. 173, 186, 399 A.2d 1374 (1979), Brigham & Day points out that there are occasions when the allowance of prejudgment interest is recoverable as a matter of right. *See Mullan Co.*, 220 Md. at 262, 151 A.2d 906; *Affiliated Distil. v. R.W.L. Co.*, 213 Md. 509, 132 A.2d 582 (1957). In the latter case, the exceptions were stated to be

"cases on bonds, or on contract, to pay money on a day certain, and cases where the money has been used. If the contractual obligation be unilateral and is to pay a liquidated sum of money at a certain time, interest is almost universally allowed from the time when its payment was due."

213 Md. at 516, 132 A.2d 582 (citations omitted)

In this case, upon demand being made on March 25, 1986, appellant honored the sight drafts in the amounts claimed. Although it did so under protest, it is undisputed that the monies were paid over to Prince George's County, Maryland to the use of Brigham & Day Paving Company, Inc. To prevail, Brigham & Day must demonstrate that, given these facts, the trial court abused its discretion in refusing to award it prejudgment interest. *See Franceschina v. Hope,* 267 Md. 632, 636, 298 A.2d 400 (1973); *Madore v. Baltimore County,* 34 Md.App. 340, 346, 367 A.2d 54 (1976). No such showing has been made in this case. On the contrary, the facts tend to justify the opposite conclusion.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY BRIGHAM AND DAY.