The plaintiff, N C Properties ("N C"), appeals from a summary judgment in favor of defendant AmSouth Bank, N.A. ("AmSouth"), that was made final pursuant to Rule 54(b), A.R.Civ.P.[1] We affirm.
The issue is whether AmSouth improperly refused to fund four letters of credit (referred to herein as"LCs") presented for payment by a court-appointed successor escrow agent.
On June 10, 1983, AmSouth issued two LCs at the request of a customer, Dr. Thomas L. Windham. LC 7139 was issued in the amount of $11,114.85 as earnest money for the purchase of unit 208 of East Pass Towers condominium, Destin, Florida, which was developed and sold by N C. LC 7140, for $45,584, was issued as earnest money for unit 308 in the same condominium development. The expiration date on these LCs was August 15, 1985. On April 11, 1984, AmSouth issued two additional LCs for Dr. Windham, LC 8135, in the amount of $45,186, and LC 8136, for $28,965, as earnest monies for a third and a fourth condominium (units 307 and 102, respectively) at East Pass Towers. The expiration date on these LCs was April 30, 1985, but that date was later extended to July 30, 1985.
Gulf South Corridor Properties, Inc. ("Gulf South"), acted as escrow agent for the project and, as such, was named as the beneficiary of all four LCs.
LC 7139 appeared as follows:
"DATE: JUNE 10, 1983 *Page 907 
"AMOUNT: $11,114.85
 "IRREVOCABLE COMMERCIAL LETTER OF CREDIT NUMBER: IC-7139
"TO: GULF SOUTH CORRIDOR PROPERTIES, INC.
P.O. BOX 86
DESTIN, FLORIDA 32541
 "RE: PURCHASE OF CONDOMINIUM UNIT FROM EAST PASS TOWERS CONDOMINIUM, OKALOOSA COUNTY, DESTIN, FLORIDA.
"GENTLEMEN:
 "WE HEREBY AUTHORIZE YOU TO DRAW ON THE AMSOUTH BANK, N.A., BIRMINGHAM, ALABAMA, FOR THE ACCOUNT OF THOMAS L. WINDHAM, M.D., 1521 ELEVENTH AVENUE SOUTH, BIRMINGHAM, ALABAMA 35205, UP TO AN AGGREGATE AMOUNT OF ELEVEN THOUSAND ONE HUNDRED FOURTEEN AND 85/100 U.S. DOLLARS ($11,114.85 U.S.), AVAILABLE BY YOUR DRAFT(S) AT SIGHT ACCOMPANIED BY:
 "YOUR SIGNED STATEMENT READING 'WE HEREBY CERTIFY THAT MONIES ARE DUE US UNDER THE PURCHASER, THOMAS L. WINDHAM'S, RESERVATION OR PURCHASE AGREEMENT ON CONDOMINIUM UNIT #208, SAID RESERVATION OR PURCHASE AGREEMENT BEING DATED THE 10TH DAY OF AUGUST, 1982.
 "DRAFTS MUST BE DRAWN AND NEGOTIATED NOT LATER THAN AUGUST 15, 1985.
 "EACH DRAFT MUST STATE THAT IT IS 'DRAWN UNDER LETTER OF CREDIT OF AMSOUTH BANK, N.A., BIRMINGHAM, ALABAMA, NUMBER IC-7139 DATED JUNE 10, 1983,' AND THE AMOUNT ENDORSED ON THIS LETTER OF CREDIT.
 "WE HEREBY AGREE WITH THE DRAWERS, ENDORSERS, AND BONA FIDE HOLDERS OF ALL DRAFTS DRAWN UNDER AND IN COMPLIANCE WITH THE TERMS OF THIS CREDIT, THAT SUCH DRAFTS WILL BE DULY HONORED UPON PRESENTATION AND DELIVERY OF DOCUMENTS AS SPECIFIED TO AMSOUTH BANK, N.A., BIRMINGHAM, ALABAMA.
 "THIS LETTER OF CREDIT IS SUBJECT TO THE UNIFORM CUSTOMS AND PRACTICE FOR DOCUMENTARY CREDITS (1974 REVISION), INTERNATIONAL CHAMBER OF COMMERCE PUBLICATION NO. 290.
"THOMAS L. WINDHAM
 ___________________ AUTHORIZED SIGNATURE "s/Thomas L. Windham
 ___________________ AUTHORIZED SIGNATURE"
(Emphasis added.) The other LCs were essentially identical in form and content, except for the dollar amounts and the condominium unit references.
In July 1985, Vanguard Bank Trust Company ("Vanguard") was named as the successor escrow agent to Gulf South by order of the Circuit Court of Okaloosa County. The court ordered that Gulf South "turn over to the Vanguard Bank and Trust Company . . . all funds contained in the escrow account, all letters of credit, and all documents pertaining to the escrow account." AmSouth was notified that Vanguard had been substituted for Gulf South as the escrow agent.
N C allegedly completed construction of the four condominium units in March 1985. N C notified Dr. Windham of completion and requested that he proceed to "close" on all four units. Dr. Windham refused to complete the transactions. On July 30, 1985, AmSouth received the following letter, dated July 29, 1985, with a sight draft from Vanguard to call LC 8135:
"July 29, 1985
"AmSouth Bank, N.A.
"1900 5th Ave. North
"Birmingham, AL 35203
"Re: Letter of Credit # 8135 dated 4/11/84
"Gentlemen:
 "You will find enclosed our sight draft in the amount of $45,186.00. Please pay same against the referenced letter of credit. The developer has certified to us *Page 908 that monies are due them under Thomas L. Windham, M.D. purchase agreement on condominium Unit #307-N and has directed us to present said letters of credit to you for payment.
"Your assistance in this matter is appreciated.
"Very truly yours,
"s/John B. Morrow
"JOHN B. MORROW
"Sr. Vice President and Trust Officer"
(Emphasis added.) An identical letter was sent to AmSouth respecting LC 8136 on the same date. AmSouth notified Vanguard that the calls on the LCs were insufficient. In response, Vanguard also provided AmSouth with a copy of the following letter written by the president of N C to Vanguard:
"July 29, 1985
"Vanguard Bank Trust Company
"P.O. Box 1717
"Fort Walton Beach, FL 32549
 "Attention: John B. Morrow Sr. Vice President and Trust Officer
"Re: AmSouth Bank, Birmingham, Alabama
Letters of Credit #8135-8136
"Dear Mr. Morrow:
 "This letter will serve to advise you that all obligations of the Developer have been fulfilled under the above purchase contracts and the purchaser has failed to perform after being notified to perform and close his contract. Therefore, you are hereby instructed to call the above Letters of Credit which expire July 30, 1985.
 "We hereby certify that monies are due us under the purchaser, Thomas L. Windham's reservations or purchase agreements on condominium units No. 307-N and 102-N.
"Very truly yours,
"N C Properties
"By: s/John W. Carner
"JOHN W. CARNER, President"
However, AmSouth refused to fund LCs 8135 and 8136, and these LCs expired July 30, 1985.
On August 13, 1985, Vanguard sent the following letter with sight drafts to AmSouth to call LCs 7139 and 7140:
"August 13, 1985
"AmSouth Bank, N.A.
"International Department
"P.O. Box 11007
"Birmingham, AL 35288
 "Re: Letters of Credit # IC-7139 and # 7140, Thomas L. Windham, M.D.
"Dear Ms. Guin:
 "You will find enclosed our sight drafts in the amount of $11,114.85 and $45,584.00 to be drawn against your letters of credit # 7139 and # 7140 respectively attached.
 "The developer has certified to us through his agent that the monies from the aforementioned letters of credit are due him under Thomas L. Windham and Linda T. Windham's purchase agreements for condominium units #208N and 308N
respectively.
 "You have on file a copy of the court order appointing Vanguard Bank and Trust Company successor escrow agent to Gulf South Corridor Properties, Inc., the original escrow agent.
 "Your immediate payment of these drafts will be appreciated.
"Very truly yours,
"s/John B. Morrow
"JOHN B. MORROW
"Senior Vice President and Trust Officer"
AmSouth also refused to fund LCs 7139 and 7140, and those LCs expired August 15, 1985. AmSouth refused to fund the LCs because "the letter of credit specifically call[ed] for a statement signed by the beneficiary containing explicit statements set forth in each letter of credit."
In March 1986, N C Properties sued AmSouth, Vanguard, and Dr. and Mrs. Windham, alleging that the Windhams had defaulted on all four contracts and that AmSouth had wrongfully refused to honor the LCs on the basis that the call by Vanguard was defective. Alternatively, N C alleged that if the call was actually defective, then Vanguard was liable to it based on its negligence in making the call. Vanguard *Page 909 
and AmSouth moved for summary judgments. N C moved for a partial summary judgment against AmSouth and Vanguard and stated that the banks' motions for summary judgment, taken together, were inconsistent because, N C contended, if AmSouth was entitled to summary judgment because the LCs were not properly called, then Vanguard was liable to N C as a matter of law for having negligently prepared the documents in making the calls. N C argued for summary judgment against AmSouth, or in the alternative against Vanguard, as to any issue in which the trial court determined that the other bank was entitled to summary judgment. The trial court entered summary judgment for AmSouth without making findings of fact or issuing a formal opinion, and made it final pursuant to Rule 54(b), A.R.Civ.P.; N C appealed.
N C argues that Vanguard was the proper party to call the LCs and that N C was the proper party to make the certifications required by the LCs. AmSouth argues that the escrow agent, rather than N C, should have made the certifications required in the LCs and that because the escrow agent failed to make the certifications AmSouth was not obligated to fund the LCs. Specifically, AmSouth contends that the language "your signed statement reading 'we hereby certify that monies are due us' " (emphasis added) contained in the LCs referred to the escrow agent, Gulf South, and then arguably to Vanguard, and not to N C.
Vanguard, as the successor escrow agent to Gulf South, was the proper party to call the LCs. Although the LCs were never reissued to Vanguard in place of Gulf South, the order of the Circuit Court of Okaloosa County effectively substituted Vanguard for Gulf South as the escrow agent; that substitution gave Vanguard all the rights under the LCs previously held by Gulf South.
" 'The controlling rule is that the letter of credit must be strictly construed and performed precisely in accordance with its terms.' " Bebco Distributors, Inc. v. Farmers Merchants Bank, 485 So.2d 330, 331 (Ala. 1986); Bankof the Southeast v. Jackson, 413 So.2d 1091, 1098 (Ala. 1982); American Nat'l Bank Trust Co. v. Banco Nacional DeNicaragua, 231 Ala. 614, 620, 166 So. 8, 13 (1936). Alabama, with the majority of the states, follows the "strict compliance" rule governing the acceptance of letters of credit.
In this case, the LCs required the escrow agent to send to AmSouth a signed statement reading "We hereby certify that monies are due us under the purchaser, Thomas L. Windham's, reservation or purchase agreement. . . ." Vanguard's call letters stated, "The developer has certified to us" that the monies from the LCs were due to N C under Dr. Windham's purchase agreements. The record indicates that in April 1985 the original escrow agent, Gulf South, had made this certification to AmSouth, to which AmSouth made no objection. However, that draw was later recalled. Vanguard never provided the certifications set forth in the LCs.
The LCs are unambiguous, and we must apply the rule of strict compliance. The calls made by Vanguard were defective, and the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] Plaintiff also sued Vanguard Bank Trust Company, Dr. Thomas L. Windham, and Linda T. Windham. These defendants have filed briefs as "appellees"; however, they are not directly involved in this appeal, and we consider each of these parties to be amicus curiae.