This is an appeal by Federated Guaranty Life Insurance Company (Federated), from verdict and judgment awarding damages to Conley G. Dunn for the breach of an insurance agency employment contract.
The material facts are undisputed. Dunn was employed as an agent of Federated under an employment contract. The contract provisions regarding the payment by Federated to Dunn of renewal commissions after Dunn's resignation are the center of dispute. The area of dispute regarding the employment contract is paragraph 7-A and D, which reads as follows:
"7. PAYMENTS AFTER TERMINATION
"We both agree that:
 "A. No payments of any kind arising under this contract will be paid after the termination of this contract except as expressly provided for in the Paragraph 7.
". . . .
". . . .
 "D. No payment provided for in Paragraph 7-C will be made to you:
 "(1) Unless at the date of termination of this contract you shall have been an agent of the Company for at least three consecutive years immediately prior to such date; and
 "(2) If you represent or are employed by any person, corporation, order or association which is engaged in the business of insurance, except Farm Bureau and its affiliated organizations in territory in which Company is licensed."
Dunn resigned after being employed more than three years. He was paid renewal commissions for nearly a year until Federated learned that he had become employed by a competing insurance company. Payment of commissions was terminated by Federated.
At trial Dunn testified that he was originally hired as an agent for Alabama Farm Bureau Insurance Company (AFB) and Southern Farm Bureau (SFB). His original written contract with SFB, containing the provisions set out above, was continued in force when Federated succeeded SFB as Dunn's employer in 1972. Dunn introduced that contract into evidence. After introduction of the contract, Dunn was permitted, over proper objection, to testify as to his understanding of the provisions of his contract and his rights thereunder. Subsequently, he presented a witness, Eva Carr, who was allowed to be qualified as an expert in grammar. She was first heard by the court outside the presence of the jury and permitted to testify as to the grammatical effect of the use of the conjunction "and" between paragraphs (1) and (2) of paragraph 7.D of the contract. She was allowed to state that because of its grammatical effect the paragraph was made ambiguous, although in all "common sense" it was not intended to have that effect.
Objection to her testimony was made as being invasive of the province of the court to determine whether the contract was ambiguous. The objection was overruled and the witness was permitted to state to the jury that the contract was, in her opinion, ambiguous.
The overruling of objections to the plaintiff testifying as to his understanding of the contract and to permitting the witness Carr to testify that the contract was ambiguous are presented as issues for reversal on appeal. We find the court to have erred in both instances.
In the first instance, it has been held that it is reversible error to permit a party to testify as to his understanding of a contract, the basis of the suit. Such statement not only may tend to vary the terms of the written instrument which is the sole expression of the intent and beliefs of the parties, it is also a conclusion which invades the *Page 1285 
province of the court or jury. Chastain Blass Real Estate Insurance, Inc. v. Davis, 280 Ala. 489, 195 So.2d 782 (1967);Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App. 1978).
In commenting upon the admission of the testimony of the witness Carr, we reach the most basic issue of the appeal. That is, whether the contract sued upon is, or is not, ambiguous. It is clearly the law that whether a contract is ambiguous is a question of law for the trial court. Mass. Appraisal Services,Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981); Camp v. Milam,291 Ala. 12, 277 So.2d 95 (1973); Air Conditioning Engineers v.Small, 259 Ala. 171, 65 So.2d 698 (1953). It is made clear in the cited cases and others, that upon presentation of a written contract, the basis of suit, it is incumbent upon the trial court to decide whether that contract is ambiguous in light of its terms before permitting any evidence extrinsic thereto.
Though strong objection, contending violation of the parol evidence rule, was made to the testimony of witness Carr, the court was silent as to whether it found the contract ambiguous. It doesn't appear enough to contend that by silence and the permitting of such testimony the court impliedly held the contract ambiguous. It could be said that the court heard the witness testify and found the contract ambiguous because of her testimony. In either case, it is not required in this instance that we find the court in error for not specifically ruling as a matter of law whether or not the contract is ambiguous. We find the court in error for permitting testimony in violation of the parol evidence rule. It is the opinion of this court that the contract is not ambiguous as a matter of law.
We find little aid in Alabama cases for discerning a legal definition of "ambiguous." Courts of other states have said if a contract remains reasonably susceptible to more than one meaning after the court applies established rules of interpretation, the contract is ambiguous, but if only one reasonable meaning clearly emerges, it is unambiguous. Stitt v.Royal Park Fashions, Inc., 546 S.W.2d 924 (Tex.Civ.App. 1977). "[A]mbiguity in a written instrument does not appear until application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is a proper meaning." Gardner v. Spurlock,339 P.2d 65, 69, 184 Kan. 765 (1959). The pertinent rules of interpretation for determining the intent expressed in the contract are: look to the contract as a whole; look to its nature, purpose and the subject matter with which it deals. 4 S. Williston, A Treatise on the Law of Contracts, § 618 (3d ed. 1961); 17 Am.Jur.2d, Contracts § 246 (1964). It is only in the event of a determination of ambiguity that evidence of circumstances surrounding the making of the contract become pertinent. Smith v. Webb, 176 Ala. 596, 58 So. 913 (1912).
It is interesting to note that the expert witness Carr testified that because the word "and" grammatically joined provisions (1) and (2) of paragraph 7.D, it made them conjunctive. However, she said for them to be conjunctive was unreasonable and contrary to common sense. She indicated that when looked at in light of the position of the parties and the purpose of the provisions, it obviously did not mean what it grammatically said. It was thus ambiguous because it clearly was not intended to mean what it said. Her own words were contrary to the meaning of ambiguity.
Not relying upon the testimony of witness Carr, but because the true intent of the provisions of paragraph 7 is clear when viewed by reasonable men as a whole in light of its purpose, only one "common sense" conclusion is possible. An unreasonable interpretation of words in a contract may not be used to create ambiguity. Robbins Tire and Rubber Company v. United States,462 F.2d 684 (5th Cir. 1972); cert. denied, 410 U.S. 913,93 S.Ct. 964, 35 L.Ed.2d 278 (1973).
We find no reasonable interpretation of paragraph 7, except that no payments would be paid Dunn after termination of his contract unless (1) he had been *Page 1286 
employed for at least three consecutive years and unless (2) he was not employed by another insurance company in the territory of Federated.
An alternative interpretation that in order to receive payments after termination, he must have worked for Federated for at least three consecutive years and be employed by a competing company is totally unreasonable and beyond consideration. If such alternative were applied, Dunn could not have properly received the commissions paid him by Federated for the almost one year when he was not employed by a Federated competitor.
We find the court to have erred to reversal in permitting testimony of witness Carr and other extrinsic testimony tending to vary the terms of the written contract.
In light of our legal conclusion that the provisions of the contract are not ambiguous, the court erred in submitting the construction and interpretation of the contract to the jury contrary to the motion of the defendant. Miles College, Inc. v.Oliver, 382 So.2d 510 (Ala. 1980).
We find no merit in the cross-appeal of plaintiff as to the entering of judgment for defendant on claim number 2 for fraud. It is affirmed.
It is therefore the opinion of the court that the verdict of the jury and judgment thereon must be and is hereby reversed and set aside. The case is remanded with direction to enter judgment in favor of defendant Federated, notwithstanding the verdict of the jury.
REVERSED AND REMANDED WITH DIRECTION.
CROSS-APPEAL AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.