ROBERTSON, Judge.
This case involves a retired employee seeking payment for claimed vacation benefits.
Eula Dean Gargis (appellee) was employed with Teleprompter Corporation in Florence, Alabama, as a benefits administrator from 1973-1981.
Sometime in 1981 Teleprompter was purchased by Westinghouse Electric Corporation and became a subsidiary company known as Group W Cable, Inc. Appellee continued to work in her same capacity until she retired in 1986.
In 1983, Group W Cable, Inc. distributed the new employee handbook explaining the new company benefits including vacation time, how and when it is accumulated, when it must be taken, and upon termination of employment, for how much of it employee is entitled to be paid. Appellee was employed for five months in 1986 before retiring effective June 1, 1986. Her request for payment of alleged accumulated sick leave and vacation time during 1986 was refused; she filed suit for same against both Westinghouse Electric Corporation and Group W Cable, Inc. (appellants).
Trial was had in district court and judgment was rendered in favor of appellants, finding appellee to be bound by the employee handbook in computing her vacation benefits.
An appeal was taken to circuit court for trial de novo, and on submission upon a stipulation of facts and transcribed testimony, the trial court found appellee to be entitled to fifteen days’ vacation pay “pursuant to said employee handbook and contract” and awarded judgment in the amount of $1,190.40. Motion to alter, amend, or vacate judgment was overruled; this appeal follows.
The issues appellants raise are whether the trial court erred in awarding judgment in the amount of $1190.40 for vacation pay; and whether the trial court erred when it overruled the motion to alter, amend or vacate judgment filed by appellants.
When cases are submitted to the trial court on stipulated facts, where no testimony is taken, no presumption of correctness is given to the trial court’s judgment, and the appellate court sits in judgment on the evidence in the same manner as did the trial court. Pennington v. Bigham, 512 So.2d 1344, (Ala.1987).
The following, in pertinent part, is the company’s vacation benefits policy, as contained in the employee handbook:
“Vacation With Pay
*820 “You are eligible for a vacation with pay after completing one year of total employment....
[[Image here]]
“Vacation Carry-over
“Vacation days must be taken in the year during which you are entitled to receive them. They cannot be carried into another year....
“This new policy does not permit payment for unused vacation days....
“If You Terminate Employment
“If you are separated for any reason as of the last working day in the calendar year, you will not be considered on the active roll as of the close of business on December 81, and therefore not eligible for vacation for the following year....
[[Image here]]
“If you terminate employment, you will be paid for vacation you're due for the current year, but haven’t taken.”
It is clear from the employee handbook that any vacation time an employee is entitled to take, or to be paid for, had to be earned by being employed through the last day of the previous year. In this case, the only vacation time appellee was due in the year 1986 was the fifteen days she earned by being employed through the last day of 1985. As of appellee’s retirement on June 1, 1986, she had taken two and one-half days’ vacation of the fifteen days she was due for the current year. Upon her termination of employment (retirement), appellants paid appellee the amount of $963.25 for the remaining twelve and one-half days she was due but had not taken, thus satisfying the last above-cited part of the employee handbook.
It is well established that, when courts are called upon to construe a writing, the plain and clear meaning of its terms must be given effect. Federated Guaranty Life Insurance Co. v. Dunn, 439 So.2d 1283 (Ala.Civ.App.1983).
Under the terms of the employee handbook, appellee would have to be employed through the last day of 1986 to be entitled to any more vacation time other than that earned in 1985. Appellee admits and the record reflects that she either took or was paid for all vacation time accrued through 1985.
Therefore, the judgment of the trial court is due to be reversed and this case is remanded with directions to enter a judgment in favor of appellants.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.