Ginger Abney sued Baptist Medical Centers, alleging that it had wrongfully discharged her from employment. In essence, she claimed that her employee handbook, which outlined detailed disciplinary procedures, constituted an employment contract. She further claimed that Baptist Medical Centers, in discharging her, had failed to follow the procedures set out in the handbook and, therefore, had breached their employment agreement.
The employee handbook provided to Abney by Baptist Medical Centers consisted of some introductory material, a glossary, and five major sections, entitled "Employment," "Pay Information," "Benefits," "Time Off," and "Behavior Guidelines." The "Employment" section included the following statement: "All employment is terminable with or without cause at the will of either the employee or the employer." Also, Abney signed the following acknowledgment form when she received her employee handbook:
 "I have received a copy of the Employee Information Folder and I am aware that the policies in this booklet are not intended to be all inclusive and are subject to change. The policies in this booklet are not an expressed or implied contract of employment.
 "I understand that my employment is terminable at will by me or by the employer."
(Emphasis added.)
Baptist Medical Centers moved for a summary judgment. After hearing oral arguments by both parties, the trial court granted the defendant's motion for summary judgment. Abney appealed.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant.Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256
(Ala. 1991). The present action was filed in June 1990; therefore, the applicable standard of review is the "substantial evidence rule." See § 12-21-12, Ala. Code 1975. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial *Page 683 
judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Abney argues that the specific provisions in the "Behavior Guidelines" section of the handbook contradict the statements to the effect that her employment was "at will." She further argues that these contradictory provisions should be construed against the drafter, Baptist Medical Centers. Baptist Medical Centers contends that the handbook did not create an employment contract between it and Abney.
This Court recently held that, because of an express disclaimer in a handbook, that handbook could not reasonably be construed to constitute a unilateral contract of employment, as a matter of law. Hanson v. New Technology, Inc., 594 So.2d 96
(Ala. 1992). That holding was based upon our decision inStinson v. American Sterilizer Co., 570 So.2d 618, 621 (Ala. 1990) (quoting Hoffman-La Roche, Inc. v. Campbell,512 So.2d 725, 734-35 (Ala. 1987)), which held as follows:
 " 'In Hoffman-La Roche, [512 So.2d 725 (Ala. 1987)], this Court, recognizing that the language in a policy contained in an employee manual may become an offer to create a binding unilateral contract, enunciated a three-pronged test in order to determine whether a policy contained in a handbook constitutes an offer to create a binding contract between an employer and an employee:
 " ' "First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration."
" '. . . .
 " ' . . . Furthermore, the Court in Hoffman-La Roche, 512 So.2d at 734-35, noted the following:
 " ' "[T]o become a binding promise, the language used in the handbook must be specific enough to constitute an actual offer rather than a mere general statement of policy. . . . Indeed, if the employer does not wish the policies contained in an employee handbook to be construed as an offer for a unilateral contract, he is free to so state in the handbook." ' "
(Emphasis added in Stinson), quoted in Hanson,594 So.2d at 98-99.
In this case, the employee handbook contained a statement disclaiming an employment contract and restating that employment was "at will," and the acknowledgment form signed by Abney and set out in the second paragraph of this opinion also contained such a disclaimer. Therefore, we hold, as a matter of law, that no employment contract was created. The summary judgment entered in favor of Baptist Medical Centers is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.