■ KEY BANK OF WESTERN NEW YORK N. A., Appellant, v AVEMCO INSURANCE COMPANY, Respondent. [600 NYS2d 557] — Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover the insurance proceeds from a policy issued by defendant. The policy insured an airplane owned by plaintiff. In June of 1989 plaintiff notified defendant that the plane's log books and maintenance records were missing and made a claim for the loss under the insurance policy. Plaintiff alleged that it suffered a diminution in the plane's value of $159,220 due to the loss of the records. Defendant denied the claim and subsequently moved for summary judgment contending that the loss of the log books and maintenance records was not a covered loss under the policy.

The policy defined an "insured aircraft" as including the "communication, navigation and operating equipment attached, or temporarily detached and not replaced". The policy defined a loss as "direct physical loss of or damage to an insured aircraft during the policy period. * * * Loss does not include depreciation or loss of its use".

It is well established that, when interpreting an insurance contract, unambiguous provisions of a policy should be construed according to their plain and ordinary meaning and, where any ambiguity exists as to the existence of coverage, doubt must be resolved in favor of the insured (Lavanant v General Acc. Ins. Co., 79 NY2d 623, 629). We conclude that the language of the policy is unambiguous and that the records in question cannot be interpreted as "operating equipment attached or temporarily detached and not replaced". The fact that the Federal Aviation Administration requires that those records be maintained and considers them equipment does not mandate a different conclusion. Additionally, plaintiff's claim for damages for the depreciation in value of the plane must fail because depreciation is specifically excluded from the

policy definition of loss. We thus conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. (Appeal from Order of Supreme Court, Erie County, Dadd, J.—Summary Judgment.) Present— Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.