This is a class action filed by seven named plaintiffs against Amoco Fabrics and Fibers Company, Inc. ("Amoco"), seeking damages for breach of contract, or, alternatively, a quantum meruit recovery, based upon the vacation pay provisions of Amoco's 1989 employee handbook. After certifying the class, the trial court entered a partial summary judgment in favor of the plaintiffs on the question of liability and later, following a stipulation of damages and attorney fees, entered a final judgment in favor of the plaintiffs. Amoco appeals the judgment, in the amount of $513,318.51. We affirm.
Robert Hilson and six others[1] brought this action to recover vacation pay for themselves and a class of approximately 1,000 similarly situated former hourly employees of Amoco Fabrics and Fibers at its Andalusia, Alabama, carpet manufacturing plant.[2]
Following about 10 years of operation, Amoco sold the plant to Shaw Industries, Inc. Employees claimed vacation pay earned from January 1, 1992, through the date of the sale, September 25, 1992, in reliance on Amoco's offer of vacation pay contained in the employee handbook. The handbook stated that vacationing employees would receive pay equal to two percent of the previous year's earnings, for each week of vacation. Those with fewer than 5 years' service were to receive 1 week of vacation; those with 5 to 10 *Page 834 
years' service, 2 weeks; and those with over 10 years' service, 3 weeks. Employees were eligible to withdraw their accrued vacation pay as early as February of the following year, regardless of whether or when they actually took vacation time off. (For example, about 60% of the vacation pay earned in 1991 was paid out by mid-February 1992.)
Shortly before the sale (August 6, 1992), Amoco posted an announcement regarding vacation policy: "[I]ndividuals must be an employee on record as of December 31, in order to be eligible for a vacation the following year." The Handbook, which had been issued in a loose-leaf format to permit changes by the issuance of new pages for insertion, continued to reflect the 1989 vacation pay policy. In the September 21, 1992, sales agreement, Amoco promised to "pay all hourly employees hired by Buyer for vacation earned but not paid in 1992 prior to the closing." Amoco posted unpaid vacation pay to a liability account on the books and records as it accrued. Amoco claims that it is not obligated to pay the vacation pay earned in 1992 because the employees were not employees on record as of December 31, 1992.
There are three issues on appeal: 1) whether the circuit court correctly entered a summary judgment in favor of the employees on the claim that the Handbook contained an offer of vacation pay subject to acceptance by the performance of work even though Amoco claims the Handbook contained an express disclaimer of contractual liability and Amoco claims to have followed the explicit terms of its vacation policy; 2) whether the circuit court correctly held that the employees had a cause of action under the theory of quantum meruit where Amoco claims to have followed the explicit terms of its vacation policy and where the law has created a safe harbor for policies in employee handbooks that include an express disclaimer of contractual liability; 3) whether the circuit court correctly certified a class on the issue of a quantum meruit recovery, which Amoco argues requires individualized proof of each plaintiff's expectation.
On appeal from a summary judgment, we must evaluate the evidence presented and ascertain, in light of the "substantial evidence rule," whether there were any genuine issues of material fact to be decided. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. All reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. Howard v. Wolff Broadcasting Corp., 611 So.2d 307 (Ala. 1992), cert. denied, 507 U.S. 1031, 113 S.Ct. 1849,123 L.Ed.2d 473 (1993). In the instant case, both sides stipulated to the absence of any genuine issues of material fact. We, therefore, need consider only whether the court below correctly held that the employees were entitled to the judgment as a matter of law.
Amoco argues that the trial court erred in entering the summary judgment in favor of the employees on the breach of contract claim, holding that Amoco's vacation pay policy, as contained in the employee handbook, gave rise to a unilateral contract. We disagree.
In Paseur v. City of Huntsville, 642 So.2d 969 (Ala. 1994), this Court reaffirmed the requirements set forth in Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725, 735 (Ala. 1987):
 " 'In summary, we find that the language contained in a handbook can be sufficient to constitute an offer to create a binding unilateral contract. The existence of such a contract is determined by applying the following analysis to the facts of each case: First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration.' " *Page 835 
642 So.2d at 971 (quoting Hoffman-La Roche); Abney v. BaptistMedical Centers, 597 So.2d 682, 683 (Ala. 1992).
Amoco argues that Group W Cable, Inc. v. Gargis,545 So.2d 819 (Ala.Civ.App. 1989), supports the proposition that being on the payroll as of December 31, 1992, was a condition precedent to receiving any vacation pay for any part of 1992. The Group W case is distinguished from the instant case by the language contained in each company's handbook. Amoco's vacation policy issued on May 1, 1989, stated:
 "[A]ll regular employees of Amoco Fabrics and Fibers Company are eligible for paid vacation, based on their years of continuous service, as follows:
"Less than 5 years 1 week
"More than 5 years 2 weeks
"More than 10 years 3 weeks
 In addition to time off, vacationing employees will receive pay equal to two (2) percent of the previous year's earnings for each week of vacation. . . ."
In contrast, the policy stated in Group W specified: "If you are separated for any reason as of the last working day in the calendar year, you will not be considered on the active roll as of the close of business on December 31, and therefore not eligible for vacation for the following year. . . ."
This Court held in Dykes v. Lane Trucking, Inc.,652 So.2d 248, 250 (Ala. 1994), "Whether the language of an employee handbook is sufficiently clear and specific to constitute an offer of a unilateral contract is a question of law to be determined by the court." The Court of Civil Appeals held inGroup W that the handbook constituted a unilateral contract on the subject of vacation; we also agree with the circuit court in this case that the Amoco handbook created a unilateral contract regarding vacation pay policy.
Amoco not only communicated the policy in its handbook, but actually followed the policy, posting unpaid vacation pay to a liability account as it accrued. The employees were aware of a lack of change in the vacation pay policy, because the announcement Amoco posted August 6, 1992, addressed only eligibility for vacation, and the handbook language regarding vacation pay was not modified. We agree with the circuit court's analogy to the bonus payment in American Security LifeIns. Co. v. Moore, 37 Ala. App. 552, 72 So.2d 132 (1954), wherein the Court of Appeals held that when a contract is terminated by an employer through no fault of the employee, then in the absence of a special forfeiture provision the employee is entitled to a proportionate share of the bonus according to time served. In Mayo v. Andress, 373 So.2d 620
(Ala. 1979), we held that whether the language was intended to be an offer is determined by reference to the reasonable meaning of the parties' external and objective manifestations, rather than by their uncommunicated beliefs. The lack of evidence of forfeiture provisions in Amoco's employee handbook and the undisputed evidence as to the course of dealing between Amoco and its employees are external, objective manifestations that give reasonable substance to the proposition that Amoco made a genuine offer of vacation pay that was accepted by the employees' continuing their service until terminated by Amoco. Amoco could not, as a matter of law, revoke the vacation pay policy once the employees had performed from January through September 1992.
We now turn to the second and third issues, dealing with the alternative remedy of quantum meruit.
Our holding that the summary judgment was properly entered for the employees on their breach of contract claim necessarily moots the quantum meruit issues raised by Amoco. Citing the general rule throughout the country, the circuit court quoted Corbin's treatise on contracts:
 "The discharged employee has only a right to damages, measured by the full sum promised less what reasonably can be earned by reasonable effort elsewhere after the discharge. This should be the measure of damages in the case of the promised bonus. In all these cases, however, the discharged employee has the alternative remedy of quantum meruit. . . ." Corbin on Contracts, § 2.29, p. 255-56 (1993 ed.). *Page 836 
While the employees might be entitled to the alternative remedy of a quantum meruit recovery, the employees' brief acknowledges that they are not entitled to a double payment based on a quantum meruit recovery in addition to a recovery based on breach of contract. If we were required to reach the quantum meruit remedy, we would disagree with Amoco's contention that there was no individualized proof of each employee's expectation. Even if the contract theory had failed, the vacation pay formula and Amoco's own computations for posting to the liability account served to document the employees' expectations.
We hold, therefore, that the court properly entered the summary judgment awarding the named plaintiffs and the class they represent vacation pay based on the Amoco employee handbook's percentage formula.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.
BUTTS, J., concurs in the result.
[1] Victoria Ramer, Kenneth Kinsey, Charles Brooks, Jeff Blount, Maxine Mills, and Todd Killough.
[2] The trial court certified the class as being the former hourly employees of Amoco's Andalusia plant who were employed by Amoco as of September 25, 1992.