CRAWLEY, Judge.
In July 1993, Eagle Aviation, Inc., sued General Insurance Company of America, after General had refused to pay an insurance claim on a policy on an airplane owned by Eagle. Eagle alleged that the plane’s logbooks had been stolen and that the logbooks were covered by the insurance policy. Eagle sought damages for breach of the insurance contract and for a bad faith refusal to pay the claim. General filed a motion for summary judgment, which the trial court granted. Eagle’s post-judgment motion was denied by the trial court. Eagle appealed to the Supreme Court, which transferred this appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
Eagle argues that the trial court erred in entering the summary judgment for General on the claim alleging breach of the insurance contract. A motion for summary judgment is to be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover,
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party *1070 must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment’ can reasonably infer the existence of the fact sought to be proved.’”
Capital Alliance Insurance Co. v. Thorough-Chan, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted).
Eagle purchased an aircraft insurance policy from General for a period covering February 19, 1991, to February 19, 1992. Eagle had substantial repairs and service performed on the airplane, and while the airplane was in the possession of the repair company, the logbooks were reported to be missing. Eagle filed a claim for loss of the logbooks, which General eventually denied.
The insurance policy provided in pertinent part:
“A. INSURING AGREEMENTS
[[Image here]]
“6. Coverage H — All Risks of Physical Damage
“To pay for any direct and accidental physical damage to or loss of the aircraft while inflight or not inflight, and also for disappearance if the aircraft is missing and not reported for 60 days after commencing flight.
“The amount specified as the deductible applies to all losses except losses caused by fire, lightning, explosion, transportation of the dismantled aircraft, theft, robbery or vandalism. Loss or damage caused by fire or explosion resulting directly or indirectly from collision of the aircraft with the ground, water or any object shall be deemed to have resulted from such collision, and the deductible shall apply.
“7. Coverage I — All Risks of Physical Damage — Not in Motion
“To pay for any direct and accidental physical damage to or loss of the aircraft while not in motion. The amount specified as the deductible applies to all losses except losses caused by fire, lightning, explosion, transportation of the dismantled aircraft, theft, robbery, or vandalism.
[[Image here]]
“B. EXCLUSIONS
“This policy does not apply:
[[Image here]]
“11. As respects Coverages H and I, to loss of use or depreciation; diminution of value; loss of guaranty or warranty; loss or damage to wearing apparel, personal effects or merchandise of any description, whether the aitcraft in which they are contained is damaged or not; damage which is due and confined to wear and tear, deterioration, freezing, mechanical, structural or electrical breakdown or failure; or damage to tires, except where such loss or damage is caused by fire, theft, windstorm or vandalism, or is coincident with other loss covered by this policy;
[[Image here]]
“C. DEFINITIONS
[[Image here]]
“2. ‘Aircraft ’ means the airplane or ro-toreraft described herein and shall include the engines, propellers, rotor blades, tools and repair equipment therein which are standard for the make and type of the aircraft, and operating and navigation instruments and radio equipment usually attached to the aircraft, including parts temporarily detached and not replaced by other similar parts.”
(Emphasis in original.)
Eagle argues that the logbooks are within the policy definition of “aircraft,” specifically as “operating and navigation instruments.” General contends that the theft of the logbooks is not covered by the policy because, it says, the logbooks are specifically excluded from the policy as “personal effects or merchandise of any description.” We agree with General that the logbooks are excluded from the policy.
It is a question of law, and not of fact, whether an insurance policy is ambiguous. Aetna Life Ins. Co. v. Hare, 47 Ala.App. 478, 256 So.2d 904 (1972). Therefore, Eagle’s argument that it presented substantial evidence creating a genuine issue of material fact for the jury to determine — whether the logbooks are a part of the aircraft — is mis *1071 placed; in entering the summary judgment for General, the trial court properly and necessarily made the legal conclusion that the contract is unambiguous. Furthermore, the affidavits of the phot and the mechanic, in which they both stated that logbooks are a part of the aircraft, would not create an issue of material fact. The conclusory opinions of the phot and the mechanic are not evidence of material facts, or evidence aliunde, that would defeat a properly supported motion for summary judgment. See Travelers Ins. Co. v. Kernachan, 288 Ala. 96, 214 So.2d 447 (1968).
No Alabama cases have addressed the issue of whether logbooks are a part of an aircraft. In Key Bank v. Avemco Ins. Co., 195 AD.2d 994, 600 N.Y.S.2d 557 (1993), the court held that logbooks are not a part of the aircraft. The policy in that case defined an “insured aircraft” as also including the “‘communication, navigation and operating equipment attached, or temporarily detached and not replaced.’ ” 195 AD.2d at 994, 600 N.Y.S.2d at 557. The court concluded that “the [logbooks] in question cannot be interpreted as ‘operating equipment attached or temporarily detached and not replaced.’” Id. We conclude, as did the court in Key Bank, that logbooks are not a part of the aircraft. Eagle argues that because the Federal Aviation Administration requires that logbooks be maintained and produced upon request, then logbooks are part of an aircraft; however, the FAA definition of “aircraft” is merely “any contrivance now known or hereafter invented, used, or designed for navigation of or flight in the air.” 49 U.S.C. § 1301(5). That definition does not include logbooks.
Therefore, we conclude that the trial court properly entered the summary judgment for General. We affirm that summary judgment.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., dissents.