I concur in vacating the class certification for the fraud claims. I express no opinion on the propriety of class certification for the unjust enrichment claim.
I respectfully dissent, however, from vacating the class certification for the contract claim. Wagner made an unambiguous promise of employment benefits to the class. In the context of the class members' then-existing written agreement with Reynolds, Wagner's promise that the sale of the plant would be treated as a "plant closure" for benefit purposes, was unambiguous. The class members' acceptance of and consideration for the promise in this case is just like the class acceptance of and consideration for the employee handbook promise in Amoco Fabrics Fibers Co. v. Hilson, 669 So.2d 832, 834 (Ala. 1995):
 "[T]he employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration." (Internal quotation marks omitted.)
Proof of such acceptance and consideration will not require any appreciable degree of individualization. The trial judge did not abuse his discretion in finding that common issues would predominate in the contract claim.